## STEBBINS v. FITCH.

Pleas of the garnishee on a scire facias against him, bringing in question the regularity of the proceedings as between the plaintiff and the defendant to the attachment, may be stricken out as frivolous.

JUDGE TAYLOR delivered the opinion of the Court.

AN original attachment at the suit of Fitch was issued against one Bates, as a nonresident, returnable to the Circuit Court of Mobile county, and Peters and Stebbins were summoned as garnishees. At May term, 1821, the plaintiff filed his declaration. At November term, 1821, the following entry appears : " Defects of the proceedings waived, with leave to plead without giving special bail, *sci. fa.* to issue against Peters and Stebbins, garnishees." Prior to this, on the 14th day of November, 1821, the defendant appears to have plead nonassumpsit, without having replevied, and issue was joined

thereon. At the succeeding term, May, 1822, a verdict was rendered against Bates for $1304 63 ; but no judgement was rendered thereon until an adjourned term in January 1824, when judgement was entered *nunc pro tunc.* At the same term with the verdict, a judgement *nisi* was rendered against the garnishees. A *sci. fa.* was issued thereon, and returned to May term, 1823, when the death of Peters was suggested, and there was the usual order to proceed against Stebbins as survivor. At February term, 1824, Stebbins appeared and filed several pleas : The first is to the form of the *scire facias ;* the second, that there is no record of a recovery against Bates, the defendant to the attachment ; the third, that Bates had appeared by attorney, and pleaded to the declaration of the plaintiff ; the fourth, that Bates by consent of the plaintiff, pleaded without putting in special bail.

The plaintiff replied to the second plea, and moved the Court " to quash and set aside" the first, third and fourth pleas as frivolous. The Court sustained this motion, and on the second plea, adjudged that there was such a record as the plaintiff in his replication thereto alleged ; whereupon final judgement was rendered against Stebbins for the amount of the judgement against Bates. On this judgement, Stebbins, the garnishee, prosecutes this writ of error, and assigns as errors,

1. There does not appear to have been a judgement rendered in favor of the plaintiff against Bates, the defendant to the attachment :

2. The Court erred in quashing the first, third, and fourth pleas of said Stebbins ; and,

3. In sustaining the replication to his second plea ; and,

4. In giving judgement against said Stebbins.

• It is one of the rules of this Court, " that no error will be considered which is not specially assigned." The last assignment, therefore, cannot be noticed ; the first and third amount to the same, and are contradicted by the record. We are of opinion that a judgement *nunc pro tunc*, rendered in an inferior court, must, in this Court, be considered as if it had been rendered at the proper time. We are, therefore, bound to consider the judgement against Bates as if it had been rendered at the same term with the judgement upon which it was founded.

As to the second assignment, the garnishee cannot be permitted to take advantage of any irregularity in the

JANUARY 1827.

Stebbins
v
Fitch.

proceedings between the parties to the attachment. If there had really been no judgement against Bates, the garnishee might well have assigned this as error; for if, without such judgement, he had paid to the plaintiff the money he owed to Bates, such payment would not have been a good defence in an action by Bates against him. But there is a judgement against Bates, which operates as a complete discharge as to the garnishee; and if Fitch and Bates have thought proper to depart from the usual practice in such cases, a third person cannot be permitted to contest the legality of their proceedings. Let the judgement be affirmed.

HITCHCOCK and PARSONS, for plaintiffs.

RANDALL, for defendant in error.