## BLACKMAN v. SMITH.

1. One who is summoned as transferee of the debt admitted to be due by the garnishee answering in the suit, will not be permitted to take advantage of errors in the proceedings, either against the original defendant or against the garnishee.
2. It is of no importance, that two or more persons are summoned by the same notice to appear and contest the plaintiff's right to condemn a demand which the garnishee suggests has been transferred to another, or to others; but if the objection was valid, it should be raised before submitting to go to trial.
3. After a judgment against a transferee, an issue will be presumed, if one was necessary.
4. When the transferee contests the plaintiff's right to condemn the debt, he is subject to costs, if the plaintiff prevails.

Writ of Error to the County Court of Russell.

JUDGMENT was obtained at the spring term, 1842, by Smith, in a suit in Russell Circuit Court, against one Hunt, for $202. On this judgment, Smith sued out garnishee process against one Shearman, as a debtor of Hunt. Shearman appeared and answered, that at the time of the service of the garnishment, he was indebted to Hunt by two promissory notes, one for $250, due the 1st January, 1843, and a credit upon it of $22 75, which note is dated 31st May, 1842, but as to which note he had, the day of making his answer, been notified by Burwell Blackman, that the same had been transferred to him previous to the time of serving said garnishment. The other, for $210 payable to ——, on the 1st January, 1844, as to which, one Samuel Jones, previous to the service of the garnishment, notified him that the last mentioned note had been transferred to the said Jones. Also, that at the time of service, Hunt was indebted to him, the said garnishee, $120.

On this answer, the Court made an order, in which the answer of the garnishee is said to have been, that he was indebted to Hunt, without setting out the amount or manner of indebtedness, but stating, that since the service of the garnishment, he had

been notified of the transfer of said notes, (none being previously named in the entry, and there being no reference to the answer made by the garnishee,) by Burwell Blackman and Samuel Jones, of the transfer of said notes, and that they held the same, which are payable to said Hunt: Whereupon the said plaintiff, wishing to contest the validity of said transfers, it was considered, that the clerk issue process to the said Burwell Blackman, and Samuel Jones, requiring them to come forward and contest the validity of the said transfers, as the statute directs.

On this order, a writ was issued to the sheriff, reciting the previous proceedings, and requiring him to make known to Burwell Blackman, and Samuel Jones, that they be and appear at the next term of the Circuit Court, to contest the validity of the said transfers, with the said plaintiff.

This was returned executed, on both the parties, and an issue was tried at the spring term, 1844, as between Smith and Blackman, in which the jury returned a verdict, that the note in controversy was the property of the defendant, Hunt, on which a judgment was given against Blackman for costs. Jones, the other garnishee, not contesting the validity of the transfer of the note for $210, payable as stated in this entry, to M. C. Goldsmith, it was considered, that Smith should recover against Shearman, the garnishee, the sum of $251 33, together with the costs in this behalf expended, it appearing to the Court that there is an excess in his hands, after satisfying the plaintiff's demand.

The writ of error is sued out by Blackman, but it names the garnishee, as well as the other transferree, as defendants in the suit of Smith.

It is here assigned as error—

1. That the notice to the transferees is joint, when the answer of the garnishee shows no joint interest.

2. The notice contains no description of the notes to be contested, in order to put the transferrees on their defence.

3. No issue was tendered to the transferees.

4. The finding of the jury is vague and uncertain.

5. The judgment condemns a note not placed in controversy, by the answer of the garnishee, or by the notice to the transferees.

6. The costs are rendered, first as against the transferee, and second against the garnishee.

7. The amount of the judgment is for $64 50 more than the plaintiff's demand, as shown by the record.

8. In rendering judgment.

S. HEYDENFELDT, for the plaintiff in error.
No counsel for the defendant.

GOLDTHWAITE, J.—1. The plaintiff here, in the Court below was not a party to the cause in the first instance, but he is called in at the instance of the garnishee, to assert or relinquish his claim to the debt, which otherwise is admitted by the garnishee to be subject to satisfy the demand of the creditor, at whose motion the garnishee was summoned. In this relation to the suit, he can only be heard to complain of errors which affect himself. The original debtor does not complain of the proceedings against him, and the garnishee is also silent, and therefore, so far as the transferee is concerned, must be presumed to have waived any errors or irregularities which may be in the record. [Stebbins v. Fitch, 1 Stewart, 180 ; Thompson v. Allen, 4 S. & P. 184.]

2. One of the supposed irregularities which affect this party, is, that the notice by which he is called into Court, is a joint one, that is, that another transferee is named in it, and was summoned at the same time. We do not consider this objection as of any importance; the object of the notice, in this mode of proceeding, is, to advise the supposed transferee, that the plaintiff intends to dispute his right to the debt, supposed by the garnishee to be transferred. If he disclaims all interest in the debt sought to be subjected, he is discharged, as a matter of course, and without costs ; but if he, as supposed by the garnishee, asserts any right, that is determined upon the necessary allegations, if any are interposed, and in the event of an issue, that is determined by a jury. It is obvious, that if the party objects to the sufficiency of the notice, it must be done previous to the trial of an issue ; therefore, if the notice in the present case was defective, it would not now avail.

3. The objection, that no issue was tendered to the transferee, comes within the often repeated decisions of this Court, that one will be presumed in all cases, after verdict, as will all the pleadings necessary to support it, when there is no exception on the record. [Wheeler v. Bullard, 6 Porter, 352.]

4. All the other assignments of error except the one respecting the judgment for costs, falls within the principles we have already ascertained, and in this particular, there is no error. As soon as the party asserted a claim to the debt, as against the supposed right of the plaintiff to condemn it, the cause assumed the form of a contested suit, as between these parties, and costs followed as of course, upon the judgment of the Court, ascertaining that the right to the debt was in the judgment debtor. [Stebbins v. Fitch, 1 Stewart, 180.]

There is no error in the record available to the present plaintiff. Judgment affirmed.