# Curry v. Woodward.

*Motion for Certiorari to perfect Record.*

1. *When certiorari will not be awarded to appellant.* — Under the 11th rule of practice (Rev. Code, p. 817), a *certiorari* from this court will not be awarded, at the instance of the appellant, to bring up pleadings which appear to have been omitted from the transcript, without any showing as to the contents of the omitted pleadings, or the time when the appellant discovered the defects of the transcript, or the diligence exercised by him in attempting to cure them; nor where the omitted

[Curry v. Woodward.]

pleadings appear to have been mere nullities, which might have been stricken out as frivolous.

2. *Defects in garnishment; how taken advantage of.*— A demurrer does not lie to a writ of garnishment, which is mere process, and serves its purpose when it brings the garnishee into court: defects in it, if available at all, can only be reached by motion to quash, or by plea in abatement.

3. *Joinder of persons as garnishees.* — Any number of persons may be joined in a writ of garnishment, whether they are liable or indebted to the defendant jointly or severally, and such joinder does not make the writ subject to a plea in abatement.

APPEAL from the Circuit Court of Talladega.

Motion for a *certiorari*, on the facts stated in the opinion of the court.

JNO. T. HEFLIN, for the motion.

J. A. WOODWARD, *pro se, contra.*

BRICKELL, J. — The appellant was summoned as garnishee of the Talladega Insurance Company, to answer whether he was or not indebted to the company. To the writ of garnishment he interposed a demurrer, assigning causes. This demurrer is not incorporated in the record certified to this court; but it having been overruled, appellant interposed a plea in abatement, the matter of abatement being, that he was joined in the writ with one Levi W. Lawler, and that he and Lawler were not jointly liable or indebted to said insurance company. To this plea the appellee demurred, and the demurrer was sustained. This demurrer appears to have been omitted from the record sent to this court. The appellant interposed the plea of *nul tiel corporation*, in the further progress of the cause, which was demurred to, and the demurrer sustained. This plea, and the demurrer, are not found in the record. The appellant now moves for a *certiorari*, requiring the clerk of the circuit court to transmit these demurrers and plea to this court.

The 11th rule of practice adopted by this court is as follows : "A *certiorari*, to perfect or bring up a complete record, may be awarded at the first term, on motion of either party, if its object be to sustain a judgment, without a showing; but, if to reverse a judgment, a sufficient showing must be made." The application for a *certiorari* is made by the appellant, and its purpose is to reverse, or aid in the reversal of a judgment. The application is unattended by any showing other than recitals in the record, that the omitted pleadings were the subject of judgment in the circuit court. No copy of these pleadings, properly authenticated, is presented, that the court may be certified they are now in existence, and would be returned in answer to the *certiorari*, or that the appellee may consent to make them a part of the record and avoid a continuance. The ap-

[Clanton v. Barnes.]

pellant does not inform us when the defects in the record came to his knowledge, nor that he could not by proper diligence have cured them before the record was filed here. There is not a sufficient showing made by the appellant to authorize the grant of the *certiorari*. If such an application as this should be maintained, we fear applications for a *certiorari* would become too often mere instruments of procuring a continuance, and delaying final judgment.

2. As to the demurrer to the writ of garnishment, in no event could a *certiorari* be awarded to bring it before this court. A garnishment is a writ, enabling a creditor to appropriate to the satisfaction of the debt due him the property of his debtor in the hands of the garnishee, or a debt owing by the garnishee to the debtor. It is mere process, not pleading, and serves its purpose when it brings the garnishee before the court. A demurrer to it is frivolous, and should be stricken out on motion. If there are available defects in the writ, they are the subject of a motion to quash, or of a plea in abatement, not of a demurrer. If this demurrer was incorporated in the record, we could not regard it; and it would be vain to award a *certiorari* for a part of the record, which, if here, we would be compelled to disregard.

3. The plea in abatement seems to be founded on the idea, that two or more persons cannot be embraced in a writ of garnishment, unless they are jointly liable or indebted to the debtor. This idea is erroneous. A garnishment may issue to any number of persons, whether they hold property, or are indebted, jointly or severally, to the debtor. It operates from its service to create a lien on the property in the possession of, or the debt due from, any or all of the garnishees. Each garnishee answers for himself, and it is on his answer the court pronounces judgment, or directs an issue to be formed, thus separating him from the other garnishees. The pleas in abatement were nullities, and sustaining a demurrer to them produced a proper result, not prejudicial to the appellant, without regard to the causes assigned. If the demurrer was here, if would not aid the appellant. The application is overruled.