# Edmondson *v.* De Kalb County.

*Garnishment on Judgment.*

1. *Security for costs; when defendant cannot move to dismiss for want of.* — When a garnishment is sued out on a judgment, and the judgment debtor has not intervened for the purpose of contesting the garnishee's answer (Rev. Code, § 2975), he cannot move to dismiss the garnishment for want of security for costs.

2. *Garnishment against county treasurer, as debtor of county.* — A garnishment does not lie against a county treasurer, to subject the funds in his hands, in his official capacity, to the satisfaction of a judgment against the county.

3. *Judgment against county; how collected.* — On a judgment against a county, neither an execution nor a garnishment can be sued out; but the judgment must be filed as a claim against the county, and if not paid, the creditor has his remedy by motion against the county treasurer and the sureties on his official bond, or by *mandamus* against the commissioners' court in a proper case.

APPEAL from the Circuit Court of Etowah.

Tried before the Hon. W. L. WHITLOCK.

De Kalb county, having obtained a judgment for $1,150 against Etowah county, sued out a garnishment on it on the 2d May, 1872, against Samuel Edmondson, as the debtor of said county. At the May term, 1872, a judgment *nisi*, for want of an answer, was entered against the garnishee; and a motion was made at the same term by the attorneys for Etowah

county, to dismiss the garnishment for want of security for the costs. At the October term, 1873, to which the cause was regularly continued, the court overruled the motion to dismiss, and an exception was reserved to its ruling. At the same term, the judgment *nisi* against the garnishee was set aside, and he filed an answer, admitting that he had in his hands, as county treasurer of Etowah county, the sum of $625.41 belonging to said county; but stating that claims against the county amounting to over $4,000 had been regularly presented to him, and denying any other indebtedness whatever. Before filing an answer, the garnishee moved to dismiss the garnishment, on the ground that the writ would not lie against him as county treasurer. The court overruled this motion, and rendered judgment against him, on his answer, for the amount admitted to be in his hands, and awarded execution on the judgment; to which rulings and judgment he duly excepted. The appeal is sued out by Etowah county and said Edmondson jointly, and the rulings to which exceptions were reserved by either, as above stated, are jointly assigned as error.

JAMES AIKEN and W. L. CAIN, for appellants.

FOSTER & FORNEY, *contra*.

BRICKELL, J. — A garnishment issued at the suit of a judgment creditor, against a supposed debtor of the defendant in the judgment, is a new suit, to which the creditor is plaintiff, and the garnishee defendant. The judgment debtor is a stranger to the proceeding, unless he intervenes under section 2975 of the Revised Code. The only purpose for which he can intervene is to controvert the answer of the garnishee, and to show that he is indebted to him in a sum greater than he admits. In the absence of such intervention, the garnishment proceeding and the judgment therein rendered are, as to the judgment debtor, *res inter alios actæ. Jones v. Kolisenski,* 11 Ala. 607. The court properly overruled the motion of the defendant to dismiss the garnishment, because the plaintiff therein had not given security for the costs of suit. If such security was a prerequisite to the issue of the garnishment, which we do not decide, the motion to dismiss should have come from the garnishee. He and the plaintiff alone could incur costs in the condition of the garnishment suit. The defendant could incur none, and, of consequence, had no right to move the dismissal of the suit because security for costs had not been given.

2. The appellee obtained judgment against the county of Etowah, and caused a writ of garnishment to issue against

Edmondson, as the debtor of the county. The garnishee answered, that he was county treasurer of the county of Etowah, and, as such, had in his keeping six hundred and twenty-five dollars of the money of the county, and at the time of the garnishment there were over four thousand dollars of registered claims against the county presented to him. He disclaimed all other indebtedness. On this answer the circuit court rendered judgment against him, for the sum admitted to be in his hands as county treasurer. This judgment was erroneous. The statutes subject counties to ordinary suits in specified cases. When in such suit judgment is rendered against the county, no execution or process thereon for its satisfaction can issue. An execution cannot issue, because the county can hold no property, real or personal, which is subject to its mandate. The property to which it may have title, is held for governmental purposes. The court-house, the jail, the poor-house, the highways and bridges, have no element of property that can be alienated or seized under legal process. They are held and dedicated to public uses, and pertain to the county only as a political subdivision of the State, created for the more convenient administration of the laws, the better protection of the citizen, and the more advantageous exercise of the police powers of the State. The State, as the sovereign, is the real owner.

Nor can the writ of garnishment issue on such judgment. The funds of the county — the debts due it, whether accruing from taxation or otherwise — are due and pertain to it as a political subdivision of the State, not in its *quasi* corporate capacity. A county has some of the characteristics of a corporation, but is to be esteemed rather as a political organization, the auxiliary of the State, intrusted with defined functions and powers, having exclusive reference to the general policy of the State, and the general administration of that policy. Dillon on Muni. Cor. § 10; *Comm'rs Hamilton County* v. *Wiswell*, 7 Ohio St. 109. In the exercise of these functions and powers, it cannot be interrupted by the judgment of any court. Individual interest and right are subordinate to the general policy of the State, and cannot be permitted to conflict with or obstruct its administration. No argument is necessary to show that, if a county could be vexed with the process on judgments against it to which individuals are subject, it would be paralyzed in the exercise of the functions and powers intrusted to it as an auxiliary of the State.

A garnishment against the county treasurer, to reach funds in his custody, cannot be supported on any legal principle. The treasurer is the mere custodian and depositary of the county funds. The law prescribes the manner in which he shall disburse these funds. The county cannot control him in

[Chapman *v.* Lee's Administrator.]

disbursing, or make any other appropriation of them than that made by law, — the payment of county claims in the order of their presentment and registration. It is the legal right of the holders of such claims to be paid in that order. Of that legal right they cannot be deprived by the county or any of its officials, or the judgment of any court. To draw these funds from the custody of the treasurer by process of garnishment, founded on a judgment against the county, would intercept this order of payment, — abrogate, to that extent, the statute prescribing it, and destroy the right of those who had presented and registered their claims.

3. The judgment creditor is not without remedy. He can register his claim, and obtain payment, as other creditors of the county are required to do. If the commissioners' court have power, and refuse to levy a tax sufficient to meet the judgment, or any other claim against the county properly audited and allowed, a *mandamus* will lie to compel them. If the treasurer has funds liable to the payment of a claim, and he fails or refuses to pay on demand, an ample and summary remedy is prescribed against him and his sureties. *Tarver* v. *Comm'rs Court of Tallapoosa,* 17 Ala. 527 ; *Marshall County* v. *Jackson County,* 36 Ala. 613 ; R. C. § 930.

The distinction between this case and the case of *Smoot* v. *Hart* (33 Ala. 69) is palpable. If the marshal in that case had been charged with the duties to which the county treasurer is subject ; if his duty had been not to pay over the moneys to the corporation, which there had power to appropriate them, but prescribed by law to pay claims in the order of their presentment and registration ; and a failure to perform this duty had been declared an indictable offence, the court would not have sustained the garnishment.

The judgment of the circuit court is reversed, and a judgment here rendered dismissing the garnishment ; and the appellee must pay the costs in this court and the circuit court.