[Cross v. Spillman & Scott.]

# Cross *v.* Spillman & Scott.

*Garnishment in Pending Action; Contest of Answer.*

1. *Garnishment as separate action; transfer of cause to another court.* A garnishment sued out on a judgment, or in aid of a pending action, is the commencement of a new suit, between the creditor as plaintiff, and the garnishee as defendant, to which the original debtor is not a party, unless he intervenes to contest the answer of the garnishee; and an order transferring the cause to another court, by consent of "the parties," naming only the parties to the original suit in the margin of the entry, does not operate a transfer of the garnishment proceeding, although the garnishee had then filed his answer.

2. *Contest of garnishee's answer by defendant.*—The answer of a garnishee may be contested by the defendant, as well as by the plaintiff, at any time during the term at which it is filed (Code, §§ 2981-2), or an additional time may be allowed during that term; and he remains before the court for judgment, or any other order on his answer, during that term; but, if his answer is not contested, nor the time for contesting it extended, the original cause being transferred to another court by consent of the parties thereto, a contest can not be instituted in that court at the next ensuing term.

APPEAL from the City Court of Decatur.

Tried before the Hon. WM. H. SIMPSON.

The record in this case shows that, on the 21st July, 1888, Robert Riddle & Co., suing as a partnership, commenced an action in the Circuit Court, by summons and complaint, against Spillman & Scott, a partnership composed of J. Spillman and J. B. Scott; and sued out a garnishment in aid of the action, which was served, on the same day, on the Young Men's Christian Association and J. F. Cross. On the 6th May, 1889, J. F. Cross filed an answer as garnishee, admitting an indebtedness of $82.85 to Spillman & Scott. At the same term, but on what day the record does not show, an order was made, by consent of parties, transferring the cause to the City Court, the clerk's certificate to the transcript being dated May 21st, 1889. In the City Court, on the 8th July, 1889, an affidavit contesting the garnishee's answer was filed by Spillman & Scott; and afterwards, but at what time the record does not show, a judgment by confession was rendered in favor of Riddle & Co. against Spillman & Scott, for $349.86, and a judgment for the same amount against the Young Men's Christian Association as garnishee. On the 17th June, 1890, in the matter of the contest of the answer of J. F. Cross as garnishee, as the next judgment-entry recites, "the court proceeds to hear

[Cross v. Spillman & Scott.]

the evidence in support of such contest," finds that the garnishee is indebted to Spillman & Scott in the sum of $402.65, and renders judgment against him, in their favor, for that amount. The judgment against the garnishee is here assigned as error by him.

BRICKELL, HARRIS & EYSTER, for appellant.

WERT & SPEAKE, and E. W. GODBEY, contra.

COLEMAN, J.—The original suit was begun in the Circuit Court of Morgan county, by Robert Riddle & Co. v. Spillman & Scott, a partnership composed of J. Spillman and J. B. Scott; and the original case is thus stated on the docket. Pending suit, and before judgment, plaintiffs sued out writs of garnishment, which were executed on the Young Men's Christian Association, and J. F. Cross, appellant in the present appeal.

The next entry of record in the case, in the Circuit Court, is as follows: "Robert Riddle & Co. v. Spillman & Scott; J. F. Cross, and Young Men's Christian Association, garnishees. Answer of J. F. Cross, garnishee in the above styled cause;" which is here set out, filed May 6th, 1889, and admitting an indebtedness of $82.85.

The next entry of record by the Circuit Court is as follows: "Robert Riddle & Co. v. Spillman & Scott. Come the parties by their attorneys, and in open court consent that this cause be transferred to the City Court of Decatur. It is therefore ordered by the court, that this cause be, and is hereby, transferred to the City Court," &c.

The first entry of the case in the City Court is thus entitled: "Robert Riddle & Co. v. Spillman & Scott; J. F. Cross, garnishee. Contest of answer of garnishee, by defendant, J. Spillman;" and then follows the affidavit of contest, dated and filed July 8th, 1889.

The next entry of the case in the City Court is entitled, "Robert Riddle v. Spillman & Scott;" and is a confession of judgment by the defendants, in favor of plaintiffs, for $349.86.

In the next entry it is entitled, "Robert Riddle v. Spillman & Scott; J. F. Cross, garnishee;" and then follows the judgment sustaining the contest of the garnishee's answer, and rendering judgment against him, in favor of Spillman & Scott, for $402.65.

It is evident from the foregoing statements of the style of the proceedings, that both in the Circuit Court before the order of transfer was made, and in the City Court after the order

[Cross v. Spillman & Scott.]

of transfer was made, the suit against the garnishees was kept separate and distinct from that of the suit against the principal debtors, Spillman & Scott; and where entries and orders were made which affected the rights of the garnishee, as such, the style of the cause was "Robert Riddle v. Spillman & Scott; J. F. Cross, garnishee." We do not intimate, it was necessary to have the proceedings kept separate as two suits; and we have stated them, merely to show how the orders of the court affected the parties. We have seen, when the order transferring the cause from the Circuit to the City Court was made, the style of the case was *Robert Riddle & Co. v. Spillman & Scott*, only. The garnishees were not made parties, where the order of transfer is entered.

A garnishment is essentially a legal proceeding; and in its nature and operation is the institution of a suit by a creditor against the debtor of a debtor.—*Harris v. Miller*, 71 Ala. 32. A garnishment issued at the suit of a judgment-creditor, against a supposed debtor of the defendant in the judgment, is a new suit, to which the creditor is plaintiff, and the garnishee defendant. The judgment-debtor is a stranger to the proceedings, unless he intervenes to controvert the answer of the garnishee. Except for this purpose, the proceedings against the garnishee are *res inter alios actæ*, as to the judgment-debtor.—*Edmondson v. DeKalb*, 51 Ala. 104.

The act of the legislature creating the City Court of Decatur—Acts 1888–89, p. 321—provides, "that cases now pending in the Circuit Court of Morgan county may be transferred, by consent of parties, to said City Court." The judgment recital, "Come the parties by their attorneys," can be referred to no other parties than the parties to the case as stated, and which alone were Robert Riddle & Co. as plaintiffs, and Spillman & Scott, defendants. There is nothing any where in the record to show that the garnishee knew of, or consented to the removal, except this judgment recital, and we think this, under the facts of the case, insufficient.

Section 2981 of the Code provides that the plaintiff may contest the answer of garnishee at the term at which it is made. Section 2982 provides that the defendant debtor may contest the answer of garnishee "upon the coming in of the answer." The time allowed the defendant to contest, under the latter section of the Code, does not extend beyond the term at which the garnishee files his answer. The court, by an order entered, may give further time under either section of the Code, within which a contest may be made, and a garnishee, who has filed an answer, remains before the court for the purpose of receiving its judgment. It is his duty to be present during the en-

[Davis v. Davis.]

tire term at which his answer is filed, until final action is taken
by the court. He will be charged with notice of an applica-
tion for further time within which to contest, and of any order
of the court made upon the application, during the term at
which the answer was made.—*Security Loan Asso. v. Weems*,
69 Ala. 588; *Ex parte Opdyke*, 62 Ala. 70.

If the contest to the answer is not filed during the term at
which it was made, or an order made by the court during the
term granting further time within which the contest may be
instituted, the garnishee can ˙not be compelled to join in an
issue tendered to him at a subsequent term, if ˙there is no ad-
mission, express or implied, upon the record, which takes from
him ˙the right to have his answer contested during the term at
which it was made.—*McDaniel v. Reed*, 12 Ala. 616; *Lock-
hart v. Johnson*, 9 Ala. 223; *Graves v. Cooper*, 8 Ala. 811.

The court had no authority to allow defendant to file a con-
test of garnishee's answer, at the time the contest was filed.
The judgment rendered against the garnishee in favor of the
defendants was erroneous.

Reversed and remanded.