H. WILLIAMSON, LTD., v. PHINNEY-WALKER CO.

1. GARNISHMENT—GENERAL JURISDICTIONAL TEST.

   Generally, the jurisdictional test for garnishment is the suability of the garnishee defendant by the principal defendant in the jurisdiction where the garnishment is instituted.

2. SAME—JURISDICTION—NOT NECESSARY THAT EITHER PARTY IN ORIGINAL CASE BE RESIDENTS.

   Notwithstanding 3 Comp. Laws 1915, § 12340, it is not necessary to jurisdiction in garnishment cases that either of the parties in original case be residents of State or that cause of action accrue here, since nonresident may submit himself to jurisdiction of court.

3. SAME—COURT HAS JURISDICTION WHERE GARNISHEE DEFENDANT DOMESTICATED, ALTHOUGH BOTH PARTIES NONRESIDENTS.

   Where garnishee defendant, a foreign corporation, was authorized to do business in State, and operates business and maintains office in county where principal action was started, court has jurisdiction in garnishment notwithstanding parties to original action are foreign corporations not authorized to do business in State, and cause of action arose without State, since principal defendant, although a nonresident, could maintain action against garnishee defendant in jurisdiction of suit.

   On the question of jurisdiction to garnish a debt due from a foreign corporation doing business within the State to a nonresident, arising from business outside the State, see annotation in 27 A. L. R. 1396.

   On right of nonresident to sue foreign corporation, see annotation in 70 L. R. A. 513.

Certiorari to Wayne; Marschner (Adolph F.), J. Submitted June 19, 1929. (Docket No. 99, Calendar No. 34,391.) Decided September 4, 1929.

Garnishment proceedings by H. Williamson, Ltd., a corporation organized under the laws of Great Britain, against Phinney-Walker Company, Inc., a New York corporation, principal defendant, and General Motors Corporation, a Delaware corporation, garnishee defendant. The principal defendant brings certiorari to review an order of the circuit court denying a motion to quash a writ of garnishment and to dismiss the principal suit. Affirmed.

*Stevenson, Butzel, Eaman & Long* (*Rockwell T. Gust* and *Victor W. Klein*, of counsel), for plaintiff.

*Walters, Hicks, Carmichael & Head,* for principal defendant.

McDONALD, J. This is a review by certiorari of an order of the circuit court denying a motion to quash a writ of garnishment and to dismiss the principal suit for want of jurisdiction. The plaintiff is a corporation organized under the laws of Great Britain. It is not authorized to do business in this State and does no business here. The principal defendant, Phinney-Walker Company, Inc., is a New York corporation. It is not authorized to do business in Michigan. The garnishee defendant, General Motors Corporation, is a Delaware corporation authorized to do business in this State. Its principal business office is in the city of Detroit, Wayne county. The principal defendant was indebted to the plaintiff for goods sold and delivered on a contract not to be performed in Michigan. The plaintiff brought action in Wayne county and gar-

nisheed the General Motors Corporation. The procedure prescribed in 3 Comp. Laws 1915, § 13150, was followed. The garnishee defendant disclosed an indebtedness to the principal defendant of $60,000 on a contract for the purchase of merchandise. This contract was made and was to be performed without the State of Michigan. The principal defendant appeared specially and moved to quash the writ and dismiss the principal action on jurisdictional grounds. This motion was denied, and the principal defendant has brought the case here for review.

The question is whether the circuit court has jurisdiction in garnishment proceedings where the plaintiff, a nonresident corporation, whose cause of action does not accrue within this State, sues another nonresident corporation and garnishees a corporation, also a nonresident but authorized to do business in this State, and who maintains a business office in Wayne county, where the suit was instituted.

By the great weight of judicial opinion, the jurisdictional test for garnishment is the suability of the garnishee defendant by the principal defendant in the jurisdiction where the garnishment is instituted. *Harris* v. *Balk,* 198 U. S. 215 (25 Sup. Ct. 625, 3 Ann. Cas. 1084); *Bingenheimer Mercantile Co.* v. *Weber,* 49 N. D. 312 (191 N. W. 620, 27 A. L. R. 1392), and cases cited in annotation in 27 A. L. R. p. 1396.

It is contended that the principal defendant cannot maintain a suit in Michigan against the garnishee defendant for its debt because both are nonresidents.

The garnishee defendant is a foreign corporation, but, as we have said, it is authorized to do business in Michigan. It operates large automobile plants in

this State and maintains a business office in the county where this suit was started. In becoming domesticated by complying with the statute regulating the transaction of business in this State by foreign corporations, it has acquired a local existence for business and jurisdictional purposes and may sue and be sued the same as domestic corporations or natural persons. *Republic Motor Truck Co.* v. *Buda Co.*, 212 Mich. 55.

It follows that the principal defendant could maintain an action in Wayne county against the garnishee defendant for its debt and the court would have jurisdiction to enter a valid judgment. But the defendant contends that the court must also have jurisdiction of the parties to the principal action, and that there is no such jurisdiction in this case because neither the plaintiff nor the principal defendant is a resident and the cause of action did not accrue in Wayne county or the State of Michigan. In support of this contention, the defendant relies on 3 Comp. Laws 1915, § 12340, which in part reads as follows:

"In cases where the plaintiff is a resident of the State of Michigan, suits may be commenced in any county where the plaintiff resides, against any corporation not organized under the laws of this State; and where the plaintiff is a nonresident of the State of Michigan, where the cause of action accrued within the State of Michigan, such plaintiff may bring action in the county where the cause of action accrued."

The defendant is correct in asserting that the garnishment proceedings cannot be maintained unless the court has jurisdiction of the parties to the principal suit, but notwithstanding the statute above quoted, it is not necessary to jurisdiction in garnishment cases that either of the parties in the original

case be residents of this State or that the cause of action accrue here. In *Newland* v. *Circuit Judge,* 85 Mich. 151, both parties to the principal action were nonresidents of Michigan and the cause of action accrued without the State. The court said:

"There is no valid reason why the courts of this State may not acquire jurisdiction over persons and choses in action, as well when both parties to the original action are nonresidents of the State, as where the plaintiff in the original suit is a resident of the State. The plaintiff, a nonresident, comes into the State, and submits himself to the jurisdiction. The statute points out the mode of procedure to acquire jurisdiction over the defendant in the principal suit; not for the purpose of rendering a *personal* judgment against the nonresident defendant, but to subject the choses in action in the hands of the third party to the payment of the plaintiff's demand. To *this extent* the statute confers upon the court jurisdiction to proceed."

The defendant has argued the situs of the debt as of controlling importance in this case. We have not discussed that question because, under the Michigan garnishment statute, jurisdiction does not depend on situs of the debt. The determining factor is whether the principal defendant can sue for the garnished debt in the jurisdiction where garnishment is brought. If he can do so, his creditor, regardless of residence, can come into the same jurisdiction and subject the debt to the payment of his claim. That is the purpose of the statute under which these proceedings were brought.

The judgment of the trial court is affirmed. The plaintiff will have costs.

NORTH, C. J., and FEAD, WIEST, CLARK, POTTER, and SHARPE, JJ., concurred. The late Justice FELLOWS took no part in this decision.