75 So.2d 662

### PEPPERELL MANUFACTURING COMPANY

v.

### ALABAMA NATIONAL BANK OF MONTGOMERY.

3 Div. 956.

Court of Appeals of Alabama.

Dec. 8, 1953.

Rehearing Denied Jan. 5, 1954.

Affirmed on Mandate Nov. 16, 1954.

Denson & Denson and Yetta G. Samford, Jr., Opelika, and Ball & Ball, Montgomery, for appellant.

Azar & Campbell, Montgomery, for appellee.

HARWOOD, Judge.

The Alabama National Bank of Montgomery recovered a judgment against Frank Smith, in the Circuit Court of Montgomery County, Alabama, and thereupon sued out a writ of garnishment upon said judgment summoning Pepperell Manufacturing Company, as garnishee.

The garnishment writ was sent to the Sheriff of Lee County, Alabama, and by him served upon said Pepperell Manufacturing Company in Lee County, Alabama. The Pepperell Manufacturing Company thereupon, appearing specially filed its plea in abatement in said cause in the said Court in Montgomery County, Alabama.

By the plea it was shown that said Company was, at times pertinent, a foreign Corporation, organized in Massachusetts, and duly qualified to do business in Alabama and that it was doing business in Alabama only in the County of Lee, with an agent therein upon whom service of process could be had; that it was not doing business in Montgomery County or any other County in Alabama, except in Lee County.

Plaintiff demurred to this plea and the demurrer was sustained, and thereupon, without waiving its said plea, the garnishee made oral answer in open Court, admitted indebtedness to the defendant Smith and final judgment was thereupon rendered against the garnishee in favor of the plaintiff, in the amount of $353.93, together with the costs of the cause, and garnishee, feeling aggrieved, brought its appeal from said judgment to this Court.

The sole issues raised by the assignments of error pertain to the action of the court in sustaining the demurrer to the garnishee's plea in abatement, and in entering judgment for the plaintiff.

The briefs and arguments of respective counsel are directed largely to the question of whether a garnishment proceeding is a "suit" within the terms of Section 232 of

the Constitution of Alabama, which provides, as to foreign corporations, among other things that:—"Such corporation may be sued in any county where it does business, by service of process upon an agent anywhere in the state."

The above provision has been held to be self-executing, mandatory, and restrictive, and to specifically limit venue of suits against foreign corporations qualified to do business in this State exclusively to the county or counties in which such corporation does business by an agent. Sullivan v. Sullivan Timber Co., 103 Ala. 371, 15 So. 941, 943, 25 L.R.A. 543; Ex parte Western Union Telegraph Co., 200 Ala. 496, 76 So. 438; Bolton v. White Motor Co., 239 Ala. 168, 194 So. 510. See also In re Opinions of Justices, 252 Ala. 199, 40 So.2d 330.

It is the contention of counsel for appellant that from earliest times our cases have characterized garnishment proceedings as "suits." Counsel support this argument with the following excerpts from our cases:

"A proceeding by garnishment is a suit, and in this as in other suits the limits prescribed by the Constitution and laws * * must be observed." Witherspoon v. Barber, 2 Stew. 335.

"The proceeding by garnishment in point of law is the institution of a suit—and therefore would seem to be governed by the general rules applicable to other suits." Travis v. Tartt, 8 Ala. 574.

"The garnishment was a new suit, in favor of the plaintiff in the judgment and not of the defendant." Pearce v. Winter Iron-Works, 32 Ala. 68.

Other excerpts are set forth by counsel, in which the court referred to "suing out" garnishments. See Blackman v. Smith, 8 Ala. 203; Henderson v. Alabama Gold Life Ins. Co., 72 Ala. 32; Adams v. Creen, 100 Ala. 218, 14 So. 54.

On the other hand counsel for appellee argue that there are so many differences between a garnishment and an ordinary suit in its plain, natural and ordinary meaning that a garnishment cannot be reasonably said to be a "suit" within the terms of the constitutional provision, supra. Some of these differences are: It is not necessary that the garnishment notice be signed by the clerk, or anyone, as is required of a valid summons and complaint. Moore v. Stainton, 22 Ala. 831; the garnishee is entitled to a fee for answering, and to mileage, whereas a defendant in an ordinary suit is not. Section 1030, Title 7, Code of Alabama 1940; two or more garnishees may be joined in the same proceeding, even though their respective liabilities are in no way related, which is not so in ordinary suits. Section 997, Title 7, Code of Alabama 1940; a writ of garnishment does not constitute a pleading. Curry v. Woodward, 50 Ala. 258; the garnishee is a mere stakeholder, indifferent as between the plaintiff and defendant. Montgomery Gas Light Co. v. Merrick and Sons, 61 Ala. 534; there is no such thing as a judgment by default in garnishment proceedings. Lehman, Durr Co. v. Hudmon Bros., 79 Ala. 532; there is no trial tax in garnishment proceedings. Rep.Atty.Gen., 1934–36, p. 187; service of garnishment notice creates a lien from date of service, which is not true of service of process in ordinary suit. Standard Sanitary Mfg. Co. v. Benson Hdw. Co., 228 Ala. 594, 154 So. 560; garnishment proceedings are adapted to and limited to reaching contract liabilities only. Cunningham v. Baker, 104 Ala. 160, 16 So. 68.

It must be conceded that the above listed differences cause some doubt as to whether a garnishment is merely ancillary to the main suit, or can be looked upon as an independent suit. A study of the decisions of our own and of our sister states leads only to confusion because of the varied views.

However we find the following observation in Shinn on Attachment and Garnishment, Vol. 2, Sec. 469, which tends to bring some order out of the chaos of the decisions:

"It may be stated, as a rule, that in states where garnishment is not issued

until after the creditor obtains judgment against his debtor, then the proceeding by garnishment against a person indebted to the judgment debtor is a new suit to which the creditor is plaintiff and the garnishee, the defendant, brought into court by the process. It is governed by the general rules applicable to other suits and to this suit a judgment debtor is a stranger. But where the process of garnishment is issued after the commencement of a suit by other process, and before judgment therein, it is ancillary to the original suit, possessing the properties of an ancillary attachment, and it must stand or fall with the writ in the original suit."

In accord with the view that a garnishment proceeding instituted after judgment is an independent suit are specific expressions to that effect in Pearce v. Winter Iron-Works, supra; Edmondson v. De Kalb County, 51 Ala. 103; Cross v. Spillman, 93 Ala. 170, 9 So. 362.

■ Under this view, the garnishment in the present case, being instituted after judgment obtained, must be looked upon as a suit within the meaning of Section 232 of our Constitution, supra.

This conclusion in itself would necessitate a reversal of this cause even were we dealing with a garnishment not involving a foreign corporation.

There is however a more compelling reason for reversal, for it is our conclusion that the Circuit Court of Montgomery County was without jurisdiction in this matter.

■ This for the reason that it now seems well settled that the jurisdictional test for garnishment is the suability of the garnishee defendant by the principal defendant in the jurisdiction where the garnishment is instituted. Harris v. Balk, 198 U.S. 215, 25 S.Ct. 625, 49 L.Ed. 1023; Bingenheimer Mercantile Co. v. Weber, 49 N.D. 312, 191 N.W. 620, 27 A.L.R. 1392; H. Williamson, Ltd. v. Phinney Walker Co., 247 Mich. 645, 226 N.W. 672.

■ Clearly the main defendant could not have sued the garnishee, Pepperell Manufacturing Company in the Circuit Court of Montgomery County. This court therefore did not have jurisdiction in the garnishment proceedings from which this appeal arose.

Reversed and rendered.

### After Remandment

PER CURIAM.

Affirmed on authority of Pepperell Manufacturing Co. v. Alabama National Bank of Montgomery, 261 Ala. 665, 75 So.2d 665.