RENFROE *v.* NICHOLS WIRE & ALUMINUM CO.

1. COURTS — VENUE — TRANSITORY ACTION — CORPORATIONS — NON-RESIDENTS.
   Statutes relative to the admission of foreign corporations to do business in this State and as to venue of actions do not confer jurisdiction upon courts of this State as to transitory causes of action arising outside of this State, where the parties are nonresidents (CL 1948, § 450.93; CLS 1954, § 450.94; CL 1948, § 610.1, as last amended by PA 1955, No 13).

2. CORPORATIONS—ADMISSION OF FOREIGN CORPORATION TO DO BUSINESS—TRANSITORY ACTION ARISING OUT OF STATE—NONRESIDENT.
   The admission of a foreign corporation to do business in this State gives it the status of a domestic corporation engaged in the same business but does not extend its liability to be sued by a nonresident plaintiff in a court of this State to a transitory cause of action arising elsewhere (CL 1948, § 450.93; CLS 1954, § 450.94; CL 1948, § 610.1, as last amended by PA 1955, No 13).

Appeal from Calhoun; Hatch (Blaine W.), J. Submitted April 3, 1957. (Docket No. 23, Calendar No. 46,885.) Decided June 3, 1957.

Case by James G. Renfroe, a resident of California, against Nichols Wire & Aluminum Co., a Missouri

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 23 Am Jur, Foreign Corporations § 496.

corporation admitted to do business in Michigan, on cause of action arising in Illinois when a television antenna and tower fell injuring plaintiff. On defendant's motion, service of process quashed and case dismissed. Plaintiff appeals. Affirmed.

*McAuliffe & Harbert (J. W. McAuliffe, of counsel),* for plaintiff.

*Troff, Lilly & Bonow,* for defendant.

CARR, J. The defendant in this cause is a Missouri corporation with offices at Kansas City in said State. Its principal place of business is located at Davenport, Iowa. Under date of January 18, 1946, it was duly admitted to do business in this State. In accordance with our statute, it appointed as its agent for the service of process in the State a resident of Calhoun county. Since such admission defendant has filed its annual reports and paid the required fees. It has an office and warehouse in Calhoun county.

Plaintiff's alleged cause of action arose in the State of Illinois. The declaration avers that plaintiff sustained severe injuries as the result of the breaking of an antenna guy cable while employed in making repairs to an antenna. The declaration filed claimed liability on the basis of breach of express warranty, breach of implied warranty, and negligence. Plaintiff further alleged that at the time of starting suit he was a resident of the State of California, that the guy cable was manufactured and sold by defendant to plaintiff's employer, that it was negligently constructed, that it was inherently defective and unsafe for use, and that the injuries sustained by plaintiff were the proximate results of defendant's acts.

Service of process was had on defendant's resident agent in Calhoun county following the institution of suit in said county. Defendant entered a special appearance and moved to dismiss the case on the ground that the circuit court of said county had no jurisdiction under the Michigan statute relating to venue of actions and suits, said motion being predicated on the fact that the cause of action accrued in Illinois, that at the time of bringing suit plaintiff was a nonresident of Michigan, and that the defendant was a foreign corporation with its principal place of business in another State. The fact that defendant had been admitted to carry on business in Michigan was set forth in an affidavit attached to plaintiff's answer to the motion, with annexed copy of the certificate of admission. The hearing on defendant's motion resulted in the entering of an order in circuit court quashing service of process and dismissing the cause. From such order plaintiff has appealed.

The question presented for determination is, in substance, whether a nonresident plaintiff is entitled to maintain an action in a Michigan court against a foreign corporation authorized to do business in this State, but having its principal place of business in another State, upon a transitory cause of action not arising in Michigan. CL 1948, § 610.1, last amended by PA 1955, No 13 (Stat Ann 1955 Cum Supp § 27.641), relating to the venue of actions and suits, provides, in part, as follows:

"2. All actions founded upon wrongs, and contracts, except as herein otherwise provided, shall be commenced and tried in the county where 1 of the parties shall reside at the time of commencing such action: Provided, That actions founded upon wrongs may also be commenced and tried in any county where the cause of action, or any part thereof, arose: Provided, That in any tort action for the recovery

of damages to person or property resulting from the operation of 1 or more motor vehicles, such action may also be commenced and tried in the county where the facts happened out of which the cause of action arose;    *    *    *

"5. In cases where the plaintiff is a resident of the State of Michigan, suits may be commenced in any county where the plaintiff resides, against any corporation not organized under the laws of this State; and where the plaintiff is a nonresident of the State of Michigan, where the cause of action accrued within the State of Michigan, such plaintiff may bring action in the county where the cause of action accrued."

Defendant insists that subdivision 5 of said section, above quoted, is controlling, that the instant case is not within the purview of the provision, and that, in consequence, the circuit judge acted properly in granting the motion to dismiss. Plaintiff relies on subdivision 2 of said section, insisting that by virtue of its admission to carry on business in Michigan defendant should be regarded, for the purposes of this action, as a resident of Calhoun county. Counsel for plaintiff also direct attention to certain provisions of the corporation code of the State relating to the admission of foreign corporations to carry on business in Michigan, as set forth in CL 1948, § 450.93, and CLS 1954, § 450.94 (Stat Ann § 21.94 and Stat Ann 1955 Cum Supp § 21.95). Said sections indicate the procedure to be followed by a foreign corporation seeking to obtain a certificate of authority to carry on its business in Michigan. The latter section cited contains the following provision:

"Provided, That no such foreign corporation shall be permitted to transact business in this State, unless it be incorporated in whole or in part for the purpose or object for which a corporation may be formed under the laws of this State, and then only for such purpose or object. The Michigan corporation and

securities commission shall in the certificate which it issues state the act containing such purposes, and such corporation shall have all the powers, rights, and privileges and be subject to all the restrictions, requirements and duties granted to or imposed upon corporations organized under such act or section; and the officers and directors of every such corporation shall be subject to all such requirements and duties as are imposed upon officers and directors of domestic corporations organized under such act, and shall be subject to the same penalties and liabilities for failure to perform any duties imposed by such act as are the officers and directors of domestic corporations organized thereunder."

Emphasis is placed by counsel on the language above quoted with reference to the powers, rights, privileges, restrictions, requirements and duties, granted to or imposed on a foreign corporation to which a certificate of authority is issued authorizing it to carry on its business in Michigan in accordance with our statutory requirements. It is insisted, in substance, that the foreign corporation is thereby domesticated in this State and that it is subject to being sued under circumstances permitting the maintenance of an action against a domestic corporation. The circuit judge rejected the claim of plaintiff, indicating in his opinion that the foreign corporation is domesticated and subjected to liability to be sued to the same extent as a domestic corporation only insofar as the business conducted by it in this State is concerned. On behalf of defendant it is insisted that the holding of the circuit judge was correct, and in accord with prior decisions of this Court.

In *Gober* v. *Federal Life Ins. Co.*, 255 Mich 20, the defendant was a foreign insurance company and the plaintiff was a nonresident of the State. The cause of action did not accrue in Michigan and it was held that the venue statute conferred no authority on the trial court to issue process. In upholding

the order of the circuit court dismissing the action it was pointed out that the defendant, being an insurance company, was not subject to the provisions of the statute with reference to the admission of foreign corporations generally to carry on business in Michigan. The decision is significant, however, with reference to the interpretation of the venue statute.

In *Malooly* v. *York Heating & Ventilating Corp.*, 270 Mich 240, the question arose whether the defendant was carrying on business within this State. In discussing the right to maintain suit against a foreign corporation in a State court, it was said (p 249) :

"There may be some confusion among the authorities on the point, but jurisdiction is usually entertained when the cause of action against the corporation occurs within the State, and when it appears that the corporation is carrying on business within the State at the time of the service of process. Such principle is fair and just and complies with the construction by Federal courts of the 'due process' clause of the Fourteenth Amendment."

Of like import is *Showen* v. *J. L. Owens Co.*, 158 Mich 321 (133 Am St Rep 376), in which the plaintiff assignee, as appears from the record in the case, was a resident of Michigan. There the Court, referring to statutory provisions then in effect with reference to the commencement of actions and the service of process, made the following comment (p 333) :

"The effect of the statutes regulating the transaction of local business in this State by foreign corporations is to make such corporations, as to such business, domestic corporations organized under the act specified in the certificate of the secretary of State entitled to and subject to the same remedies as such corporations in the courts of this State."

It may be noted in passing that the statute with reference to the issuance of a certificate of authority

to a foreign corporation to carry on business in this State provided at the time of said decision, as does our present corporation code, that the corporation should have "all the powers, rights, and privileges, and be subject to all the restrictions, requirements, and duties granted to or imposed upon corporations organized under such act." The *Showen Case* was cited by the circuit court of appeals of the 6th circuit in *Order of United Commercial Travelers of America* v. *Duncan,* 221 F2d 703, 705, where it was declared that:

"The effect of the statutes regulating the transaction of local business in Michigan by foreign corporations is to make such corporations, as to such business, domestic corporations entitled to and subject to the same remedies as such corporations in the courts of Michigan."

In connection with the question of statutory construction here involved, the comment of the court in *Missouri Pacific Railroad Company* v. *Clarendon Boat Oar Company, Inc.,* 257 US 533 (42 S Ct 210, 66 L ed 354), is in point. After discussing the matter of service of process on foreign corporations when not expressly authorized by statute, it was said (p 535):

"Still less is it incumbent upon a State in furnishing such process to make the jurisdiction over the foreign corporation wide enough to include the adjudication of transitory actions not arising in the State. Indeed, so clear is this that, in dealing with statutes providing for service upon foreign corporations doing business in the State upon agents whose designation as such is especially required, this court has indicated a leaning toward a construction where possible, that would exclude from their operation causes of action not arising in the business done by them in the State."

Consistent with the language above quoted is the holding in *Oklahoma Packing Co.* v. *Oklahoma Gas & Electric Co.*, 309 US 4 (60 S Ct 215, 84 L ed 537), that the designation of an agent of a Delaware corporation for service of process "in any action in the State of Oklahoma" constituted a consent on the part of such company to be sued in the courts of Oklahoma upon causes of action *arising in that State.* The district court and the circuit court of appeals so held, and the supreme court accepted such holding. Obviously in a case of this character the consent to be sued goes to the jurisdiction of the person rather than to the jurisdiction of the subject matter. *Neirbo Co.* v. *Bethlehem Shipbuilding Corp., Ltd.*, 308 US 165 (60 S Ct 153, 84 L ed 167, 128 ALR 1437).

Of interest, also, is the opinion of the circuit court of appeals of the 6th circuit in *American Chemical Paint Co.* v. *Dow Chemical Co.*, 164 F2d 208. Reference was there made to the construction placed on the Oklahoma statute in *Oklahoma Packing Co.* v. *Oklahoma Gas & Electric Co., supra,* and to the fact that the cause of action involved in that case arose in the State of Oklahoma. The court further expressed the opinion that the Oklahoma statute was broader in its wording and effect than is the Michigan statute involved in the instant case. As noted, however, the Oklahoma statute was held to apply only to causes of action originating within the State.

In *Yund* v. *Excelsior Wrapper Co.*, 185 Mich 143, the plaintiff was a resident of Michigan. He brought suit against defendant, a Wisconsin corporation, in Berrien county where he resided, causing process to be served on defendant at its place of business in Kent county. It was held that the service of process was improper and an order was made by this Court setting it aside. The right to maintain the action within this State was not involved, but it is interesting to note that the case of *Showen* v. *J. L. Owens*

*Co., supra,* was cited and quoted with approval with reference to the proposition that foreign corporations admitted to do business in this State are, *as to such business,* to be regarded as domestic corporations. Like reference was made in *Republic Motor Truck Co.* v. *Buda Co.,* 212 Mich 55. In this case plaintiff, which was incorporated under the laws of New York, had been admitted to transact business in Michigan and had established and was operating a manufacturing plant at Alma, Michigan, which was its principal place of business. Defendant was an Illinois corporation. The action was for damages for alleged breach of contract. The plaintiff alleged, and the trial court found, that the cause of action accrued in this State. The right of plaintiff to maintain the action at the place where its business was conducted was accordingly upheld. The above decisions indicate the principle of statutory interpretation controlling in the case at bar.

*Newland* v. *Circuit Judge,* 85 Mich 151; *H. Williamson, Ltd.,* v. *Phinney-Walker Co.,* 247 Mich 645; and other decisions involving cases instituted in accordance with special statutory provisions relating to proceedings in garnishment or in attachment are not in point and do not require discussion. We are in accord with the conclusion of the circuit judge that the provisions of the statutes relating to the instant controversy may not be construed as conferring jurisdiction on the courts of this State with reference to causes of action not arising in Michigan, the parties to which are nonresidents of the State. The admission of defendant to carry on business in this State, evidenced by the certificate of authority granted to it, gave to it the status of a domestic corporation engaged in the same business, but did not extend its liability to be sued in a Michigan court to a transitory cause of action arising elsewhere, the plaintiff being a nonresident.

The order from which the appeal has been taken is affirmed, with costs to appellee.

Dethmers, C. J., and Sharpe, Smith, Edwards, Voelker, Kelly, and Black, JJ., concurred.