[Warren v. Matthews, Garnishee.]

# Warren *v*. Matthews, Garnishee.

96   183
103   305

*Garnishment by Attaching Creditors of Money in hands of Clerk of Court.*

1. *Payment of money into court; what is.*—When a sheriff is garnished in respect of money officially held by him, if he pays it to the clerk of the court, though without an order of court, this is a payment into court, under the provision of the statute (Code, § 2950), that in the case of money attached in the hands of officers of court, it "must be paid into court, to abide the result of the suit, unless the court otherwise direct."

2. *Attachment of money in hands of clerk of court.*—Under the statute (Code, § 2950) providing that "money in the hands of an attorney-at-law, sheriff, or other officer, may be attached," money taken by the sheriff from the person of a debtor arrested on a criminal charge, which was attached while in the hands of the sheriff and by him paid to the clerk of the court, may be again attached, in another suit, while in the hands of the clerk.

3. *Same; proceedings when several attachments are fastened on money in court.*—When money in the hands of the clerk of the court has been attached, and other attachments have been fastened upon the same fund, if all the claims can be certainly satisfied out of the fund, judgment should go against the clerk as garnishee, other considerations aside, without waiting for the final determination of the other suits ; but if the other attachments, if successfully prosecuted, would absorb the whole of the fund, the case should stand over until such other suits are determined.

4. *Same; how the attachment should be levied.*—Money paid into court is properly attached by service upon the clerk of a sheriff's summons in garnisment.   (Code, § 2945).

APPEAL from the City Court of Montgomery.

Tried before the Hon. T. M. ARRINGTON.

On September 2, 1891, J. R. Warren & Co. brought suit by attachment against W. P. Hurn in the City Court of Montgomery. The sheriff of Montgomery county executed the writ by serving a summons in garnishment on H. H. Matthews as clerk of the City Court. The answer of the garnishee disclosed the following state of facts, which were set up by way of plea : On February 28, 1891, the same plaintiffs, J. R. Warren & Co., brought suit by attachment in the same court on another debt against the same defendant, W. P. Hurn, and the writ in that case was levied on a stock of goods in the city of Montgomery as the property of the defendant in attachment. On the same day the defendant, Hurn, was arrested on a criminal charge, and the

[Warren v. Matthews, Garnishee.]

sheriff took from his person $1,124.40 in money. The stock of goods levied on being insufficient in value to satisfy the demand of the plaintiffs, they sued out a writ of garnishment upon the sheriff, which was served upon him by the coroner of Montgomery county. The sheriff answered this writ of garnishment, setting forth the facts as to the $1,124.40 coming to his hands, and that the defendant by his attorneys had demanded that the money be restored to him, and the sheriff in his answer asked the court to give instructions as to whom the money should be paid. He paid the money to Matthews, the clerk of the court and the garnishee in this case. By an amendment to his answer the garnishee set up that he had been served with a summons in garnishment issued in a suit before a justice of the peace by one Lakin against the defendant Hurn. It was shown by an agreed statement of facts that there was no order of court directing the sheriff to pay the money to the garnishee as clerk of the court, that there was no order of court authorizing or instructing the clerk to receive it, and the plaintiffs have regularly obtained judgment in this case against the defendant Hurn for $716.75, and costs, with a waiver of exemptions as to personal property.

The court overruled a motion by the plaintiffs to strike from the file the plea of the garnishee, and also a motion by the plaintiffs for a judgment against the garnishee on the facts above stated; and, on the motion of the garnishee, discharged him. The plaintiffs separately excepted to these rulings, and now assign them as error.

LOMAX & TYSON, for appellants.—The plea of the garnishee should have been stricken from the file on motion.—*Flash v. Paul*, 29 Ala. 141; *Smith v. Chapman*, 6 Porter, 365; *Allen v. Thompson*, 4 S. & P. 184; *Stebins v. Fitch*, 1 Stewart, 180; *Donald v. Nelson*, 10 So. Rep. —. Money received by a sheriff in his official capacity and paid by him to the clerk of the court, without any order of the court on the subject, is liable to attachment or garnishment at the suit of the creditor of the person to whom the money belongs.—Code, § 2950; *Pruitt v. Armstrong*, 56 Ala. 306; *Ex parte Hurn*, 9 So. Rep. 515. The attachment was properly levied by service of sheriff's summons in garnishment;—Code, § 2945; *Donald v. Nelson*, 10 So. Rep.

SAYRE & PEARSON, *contra.*—The money involved in this case was *in gremio legis*, and could not be reached by summons in garnishment to the clerk. When paid into court the money

[Warren v. Matthews, Garnishee.]

was exempt from attachment or garnishment.—*Zurcher v.
Magee*, 2 Ala. 255; *Clark v. Boggs*, 6 Ala. 809; *Guy v. Brier-
field Coal & Iron Co.*, 11 So. Rep. —; *Dollins v. Lindsay*,
89 Ala. 219; 72 Ala. 38; 2 Wade on Attachment, § 833; *Pru-
itt v. Armstrong*, 56 Ala. 310; *Craft v. Summersett*, 9 So. Rep.
593. There was no levy of the attachment upon the money
in the hands of the clerk. There is no statute authorizing
the sheriff to issue writs of garnishment in such cases as this.

McCLELLAN, J.—Section 2950 of the Code is in the
following language: "Money in the hands of an attorney at
law, sheriff, or other officer, may be attached; and in the
case of officers of the court, the money must be paid into
the court, to abide the result of the suit, unless the court
otherwise directs." What is meant by paying money into
court—what will constitute such payment—as that term is
used in our statutes, and generally in the law, seems to be
well defined in this State. The phrase is of more frequent
occurrence in the law of tender than elsewhere. When the
fact of tender is relied on by plea, in defense of an action,
to the extent of defeating recovery of costs and damages
for delay, the money necessary to keep the tender good
must be brought or paid into court. This is the common
law, as to actions generally, and is the statute law of Ala-
bama, as to several statutory actions and proceedings.—Code,
§§ 602, 604, 2729. What is necessary to be done to satisfy
this requirement, and to make an efficient payment "into
court," is clearly prescribed by section 2685 of the Code,
where it is provided that "a plea of tender of money, . .
. must be accompanied by a delivery of the money . .
. to the clerk of the court;" and this delivery to the
clerk of the court is in turn defined in the statutory form of
the plea of tender as constituting the payment or bringing
money "into court," it being made essential to such plea
that it alleges that defendant "now brings the money into
court," *i. e.*, delivers it to the clerk of the court.—Code, p.
796, Form 36. It has never been the practice, and is not
deemed necessary, for the court to make an order assuming
control of money thus brought in on a plea of tender.
There is no reason for giving to the phrase under consid-
eration a different meaning in section 2950 from that attach-
ing to it in all other statutes in which it is employed. This
section itself, so far from necessitating such other signifi-
cance, is strongly argumentative to show that its purpose in
this regard is fully accomplished when money is paid into
the hands of the clerk. It is manifest, we think, from the

[Warren v. Matthews, Garnishee.]

language of the section, that it was intended to impose on an officer of the court who is garnished in respect of money held officially by him, the absolute duty of immediately paying such money into court in all cases except where the court itself directs another and different disposition of it. If there is no order of the court—if, in other words, the court does not supervene and direct such other disposition—noth-thing remains for the officer to do but to pay it into court, as required by the statute itself, and without any action on the part of the court directing him so to do. It would be anomalous, indeed, for a statute to fix this absolute duty on the officer, without providing some mode by which it could be discharged. To hold, as patently it must be held, that this section requires a payment into court without any order of court, and that such payment could not be made except upon an order of court, would lead to contradiction and absurdity. We can not so hold, but, adopting the other view, we are of opinion that the legislature, having in mind that the clerk of a court is the natural and legal custodian of funds paid into court, and under bond for their safe-keeping and disbursement as the law directs, and having also in mind that, under other statutes and statutory definitions, delivery to the clerk is essentially, in the case of money, payment into court, when such payment is required and intended, meant to require that money garnished in the hands of an officer of the court should at once, unless otherwise directed by the court itself, be delivered to the clerk, and thereby "paid into court," as that is provided to be done in section 2950. And it accordingly follows that the fund garnished in this case in the hands of Matthews, the clerk, was money which had been paid into court, and was held by the garnishee as custodian of the court.

Of course, money so held can not be reached by garnishment, unless subjected thereto by statute; no more can money which has come to the hands of a sheriff on the process of his court, or which has been paid to the clerk on a judgment, or which is received by a register in chancery on a foreclosure sale, be subjected to garnishment, except by the terms of statutory provisions. In all these cases, the money is in court in such a way that the general law deems it important to the administration of justice that the court's custody and control should not be interferred with by the processes of other courts, or even its own process in other actions pending or brought before it. So that money in the hands of an officer of court is equally exempt from attachment, under the general policy of the law, whether it has

[Warren v. Matthews, Garnishee.]

been "paid into court," technically speaking, or has been collected by a clerk or sheriff on judgment or execution, or has been received by the register on sales made on a decree of foreclosure, and the like. Moreover, officers thus holding money are not, strickly speaking, debtors of the persons to whom the money really belongs, and are not liable to an action of debt or assumpsit at the suit of such person. And for this reason—applicable as well to the clerk of a court to whom money "paid into court" is delivered, as to sheriffs or other officers, and more applicable—attachment, under general laws, would not lie. But it is entirely competent, of course, for the legislature to take away these exemptions, or rather to extend this remedy to these cases; and to provide that whether money be held by an officer of the court or not, and whether an action by the defendant in attachment would lie against an officer of court or not, a creditor of such defendant may attach money held by such officer, and this whether it has come to his hands in the execution of ordinary process or in obedience to a requirement of law, or an order of court that the fund be paid into court. And this, in our opinion, is just what the legislature of Alabama has done in the enactment of section 2950 of the Code. Its terms are very broad. Its spirit is, perhaps, even broader than its letter. Its purpose is to enable creditors to intercept money of their debtors in the hands of all officers of court, and held by them in their official capacities, and have it applied to their debts. It can be of no moment whatever whether such money comes to the officer in one way or another—whether paid to him on execution, as the proceeds of judicial sales, or in compliance with a necessity to pay money into court. In all these cases, in all cases, indeed, where a fund is held by an officer of court in his official capacity, the money is in court in the sense that the party ultimately entitled to it could not, in the absence of statutory provisions, charge the officer as his debtor in respect to it, and hence, in the sense that a creditor of the party so ultimately entitled to the money could not, in the absence of statutory provision, reach it by attachment. And the intent and policy of the statute can not be effectuated by a construction which would narrow its application to certain officers of the court, or to money held by them as officers of the court only under particular circumstances, leaving immunity from attachment to still obtain with respect to other officers of court, or money held by officers under certain other circumstances. Nor do we consider that the language of the statute requires such a con-

struction. The claim therefore is predicated on the clause which makes it the duty of an officer of court to pay money as to which he is garnished into court, that is, as we have seen, to the clerk of the court; and the argument is, that where money has already been in this sense paid into court—*i. e.*, to the clerk—that officer can not, when garnished, relieve himself, can not comply with the statute, by paying the fund into court—to himself as clerk of the court—and therefore that the statute can not apply to him and money so held by him. This same argument would be equally forcible in its application to money which had not been paid into court in this sense, but had come to the clerk in satisfaction of a judgment. In such case, no more than the other, the clerk could not relieve himself from final accountability by a payment into court. There could be no such payment in the sense of the fund being passed from one person or officer to another. And yet, undoubtedly and confessedly, the clerk in this latter case could be garnished. The argument failing as to this, must also be at fault as to the other case. If there may be attachment in the one instance, there may be as to both. And while there is no passing of the money from one to another when so attached, there is a change operated by the statute as to the purpose for which the clerk holds it before and after writ served. Where he holds it before garnishment only for the purpose of payment to the plaintiff in judgment, after garnishment he holds it primarily to abide the result of that suit, and if the plaintiff therein fails to subject it, he again becomes its custodian for the plaintiff in the original judgment only. So, where the fund has been paid in on a plea of tender, or on garnishment of another officer, he primarily holds it to answer the result of the original suit involving the money, but when, while so holding it, he is himself garnished in respect to it, he then holds it also subject to such garnishment, and must pay it thereon if not subjected to the older attachment. And this change in the character of the clerk's possession, in the purposes for which he holds the money and the conditions upon which he is to pay it out, may be accounted a payment of it into court in the sense of fulfilling the statutory requirement; and certainly this construction of the section is clearly within its spirit and intent.

We accordingly are of the opinion that the money held by the garnishee, Matthews, under the circumstances disclosed in his answer, was subject to the attachment sued out in this case, so far as its liability thereto is questioned on

[Rudulph v. Brewer.]

the ground of its being a fund in the custody of the court. Whether he could not be adjudged to pay it to the plaintiff in attachment depends upon the result of other suits in which attachments had been levied upon it, and the extent to which it should be necessary to apply the fund to such other claims. If other attachments are fastened upon it which, if successfully prosecuted, would absorb the whole of it, this case should stand over until it is determined whether the fund shall be subjected thereto. If such other claims and this one can be certainly satisfied out of the fund, judgment should go against the garnishee now, other considerations aside, without waiting for a final determination of other suits; and, in any view, the garnishee should not be discharged until it is made to appear either that the money does not belong to the defendant in attachment, or, belonging to him, the whole amount of it has been applied in satisfaction of prior attachment liens. It follows from these considerations that the lower court erred in discharging the garnishee, Matthews, on the answer found in this record.

The objection going to the manner of levying the attachment is, we think, without merit. The attachment was properly levied by a sheriff's summons in garnishment. Code, § 2945; *Donald Bros. & Co. v. Nelson & Son*, 95 Ala. 111.

The judgment of the City Court discharging the garnishee is reversed, and the cause is remanded to that court for further proceedings therein not contrary to this opinion.

Reversed and remanded.