# Balkum v. Reeves.

*Attachment Levied by Garnishment; Execution of Bond by Defendant; Discharge of Garnishees.*

1. *Attachment; garnishment; discharge of garnishees.*—Where a writ of attachment is executed by summoning garnishees, and the defendant executed bond as provided by Act of Feb. 12, 1891, (Acts 1890–1, p. 590), whereupon the garnishments are dismissed, *held*, that upon a successful prosecution of the attachment suit, there is no error in rendering judgment against the defendant and his bondsmen.

APPEAL from Dale Circuit Court.
Tried before the Hon. J. M. CARMICHAEL.

A. E. PACE, for appellant.

ROBERTS & MARTIN, for appellee.

COLEMAN, J.—J. S. Reeves & Co. began suit by attachment against J. A. Balkum, returnable to the Circuit Court of Dale county, Alabama. The attachment was levied by summoning certain parties as garnishees, who filed their several answers, admitting indebtedness, in certain, specified sums. The attachment suit was prosecuted to judgment against the defendant, Balkum. Under the act of the legislature approved February 12th, 1891, Acts of 1890–91, page 590, the defendant, Balkum, executed his bond with approved security as therein provided. Upon the execution of this bond each of the garnishees paid the amount of their respective indebtedness to the defendant in attachment, and the garnishment proceedings were dissolved and dismissed. The court rendered judgment against the defendant and his sureties on the bond given in pursuance of the statute. The rendition of this judgment is assigned as error. Counsel for appellant have filed no brief in the cause.

We will not undertake a judicial interpretation of this statute, farther than may be necessary to the disposal of the
Vol. 98.

[Humes et al. v. Decatur Land Improvement and Furnace Co.]

case before us. Reading the statute as a whole, we hold the statute was intended to apply to suits pending before judgment, upon which the process of garnishment issued as well as where judgments have been obtained. We think this construction follows from that part of the statute, which provides that "the defendant may dissolve such garnishment, and have the same dismissed, upon filing in the clerk's office of the court where the suit is pending or judgment was obtained, or with the justice of the peace where suit is pending or judgment obtained, a bond with sufficient security payable to the plaintiff," &c.

The clerk has no authority to enter an order, dissolving the garnishment or dismissing the same, after the execution of the bond, but his order to that effect in this case, was not an error of which appellants can complain. We observe that the statute makes no provision, for contesting the answer of the garnishee, nor does it provide at what stage of the proceedings, whether before or after the answer filed by the garnishee, that the defendant may execute such bond, or at what period, "the defendant may dissolve such garnishment or have the same dismissed," but as these questions are not raised by the present record, and their decision at this time not necessary, we express no opinion. There is no error in the judgment rendered, and the case must be affirmed.

Affirmed.