# Balkum *v.* Strauss.

*Proceeding to Enforce Bond Given to Dissolve Garnishment.*

1.   *Judgment on bond given to dissolve garnishment.*—When a bond is
given by the defendant in attachment to dissolve a garnishment pur-
suant to the Act of February 12, 1891, (Acts 1890-91, p. 590) the court,
after judgment is rendered against the defendant in the principal
suit, may render judgment on the bond against the defendant and
his sureties on the bond.

APPEAL from the Circuit Court of Dale.

Tried before the Hon. J. M. CARMICHAEL.

Action by Joseph Strauss and others against J. A. Balkum.
Certain persons were summoned as garnishees, and defend-
ant filed a bond, whereupon the garnishment proceedings
were dismissed.   From a judgment against defendant and
his sureties on the bond, they appeal.

The act to dissolve garnishments in cases where the de-
fendant executes a bond to plaintiff was enacted by the
general assembly of Alabama, February 12, 1891, and is in
the following language :   "Section 1.   Be it enacted by the
general assembly of Alabama, that in all cases where garnish-
ments are issued, when suits are pending or a judgment has
been obtained, the defendant may dissolve such garnish-
ment and have the same dismissed, upon filing in the clerk's
office of the court where suit is pending, or judgment was
obtained, or with the justice of the peace where suit is pend-
ing or judgment obtained, in such court a bond with suffi-

[Balkum v. Strauss.]

cient security, payable to the plaintiff for the amount of such judgment as may be rendered against the garnishee in such proceedings, and the cost thereon ; and the plaintiff may have judgment on such bond against the defendant and sureties, as judgment may be obtained against sureties upon appeal bonds." (Acts· 1890-91, p. 590.) The appellees instituted an attachment suit against J. A. Balkum. The writ of attachment was executed by serving writs of garnishments on several insurance companies. As provided by said act of the general assembly the defendant, on the coming in of the answer of the garnishees, executed bond conditioned to pay such judgment as may be rendered in favor of the plaintiffs against the said garnishees, and the costs thereon. Upon the execution of this bond and the approval thereof, the clerk of the court dissolved the writ of garnishment. When the case was called for trial, the defendant not appearing, a judgment by default was rendered against him, and it further appearing·to the court that the garnishees were indebted to the defendant in a sum greater than the amount claimed by the plaintiff, and that a judgment could have been entered against them for the amount claimed by the plaintiffs, the court rendered judgment against the defendant and his sureties on the bond given in order to have the writ of garnishment dissolved. The appeal is from this judgment, and the rendition thereof is assigned as error.

A. E. PACE, for the appellants.

ROBERTS & MARTIN, for the appellee.

STONE, C. J.—This case presents for our interpretation the act "To dissolve garnishments in cases where the defendant executes bond to plaintiff," approved February 12, 1891. Sess. Acts 1890-91, p. 590. After the attachment was served on the garnishees, the defendant Balkum, together with others as his sureties, executed a bond made payable to plaintiffs, and in proper penalty and condition, which was approved by the clerk of the court and filed in his office; and which bond conforms to the statute. On approving and filing this bond, the clerk made an order dissolving the garnishments.

*Balkum v. Reeves*, 98 Ala. 460, was decided at the last term of this court. The facts in that case were identical with those in the present record, and the question was whether the Circuit Court erred in awarding judgment

VOL. C.

[Jones et al. v. State, to use, &c.]

against Balkum and his sureties, after first rendering judgment against Balkum in the principal suit. We affirmed the judgment, declaring there was no error in the record of which appellants could complain. That decision is decisive of the present appeal, and leads to the affirmance of the judgment.

The statute is somewhat awkwardly framed. It is, however, remedial in its character and purpose, and must be liberally construed. Statutes must be so construed, if possible, as to give effect to every clause, and not to place one portion in antagonism to another. *Lehman v. Robinson*, 59 Ala. 219; *Ex parte Dunlap*, 71 Ala. 73. If we adopt the construction contended for by appellants, we are led to most absurd results. The purpose and effect of the bond in such cases is to release the garnishee's debt from the lien created by the service of the writ upon him, and to dissolve the attachment *pro tanto*. After this, no judgment can be rendered against the garnishee, for the attachment is dissolved as to him. The effect of holding that there must be a judgment in fact against the garnishee before the plaintiff is entitled to "have judgment on such bond against the defendant and sureties," would be to declare that under no circumstances could a judgment be rendered against the bondsmen. This would be to give an effect to one portion of the statute which is irreconcilably antagonistic to another, and thus to deprive the plaintiff of all remedy on the bond. We can not and will not suppose the legislature intended to furnish the means of depriving plaintiffs of all remedial benefit the law had secured to them under the garnishment law.

Affirmed.