# Guilford *et al.* v. Reeves & Co.

## *Garnishment Suit.*

103  301
109  405,
103  301
119  419
103  301
121  266

1. *Bond given for dissolution of garnishment; when judgment rendered thereon.*—When, in a suit, in which the process of garnishment is resorted to, and after the garnishee answers, admitting indebtedness, the defendant executes a bond for the dissolution of the garnishment, as provided by the act approved February 12, 1891, (Acts 1890-91, p. 590), the bond stands in the stead and place of the garnishee; and no judgment can be rendered on said bond or against any of the obligors therein, as such, unless the plaintiff in said action would have been entitled to judgment against the garnishee, had not the bond been given.

2. *Same; suggestion by garnishee of prior garnishment.*—Where a garnishee answers admitting indebtedness, but alleges that such indebtedness has been previously garnished in another action against defendant, and the defendant gives bond to dissolve the garnishment, as provided by the act approved February 12, 1891, (Acts 1890-91, p. 590), judgment can not be rendered on the bond, until the claim under the prior garnishment has been adjudicated, and if the admitted indebtedness is not sufficient to satisfy the demands of the two plaintiffs, such judgment can be only for the amount which would have remained in the hands of the garnishee upon satisfying such claims, if the bond had not been given.

3. *Same; where several garnishments are served simultaneously.*

[Guilford *et al.* v. Reeves & Co.]

Where several writs of garnishment are served simultaneously upon the same garnishee, who answers admitting indebtedness, but the admitted indebtedness is not sufficient to satisfy the demands, and the defendant gives bond, under the statute, for the dissolution of the garnishments, no judgment against the bond can be rendered in any one of the cases until all of the claims thus entitled to share in the fund have been ascertained by judgment against the defendant in each of them, and then the judgment against the bond in each case should be for only such part of the indebtedness as each plaintiff is entitled to under the rule for division of proceeds of property attached or levied upon simultaneously at the suit of two or more creditors of the same defendant.

APPEAL from the Circuit Court of Henry.

Tried before the Hon. J. M. CARMICHAEL.

J. S. Reeves & Co., the appellees, sued out, in the circuit court of Henry county, an attachment against J. C. Guilford, one of the appellants, and in addition to being levied upon a stock of goods, the attachment was levied by serving writs of garnishment on several insurance companies. The several garnishees answered, and disclosed in their answers that they had issued fire insurance policies in favor of the said Guilford upon certain property ; that the property covered by said policies had been destroyed by fire, and that they were liable under said policies to the holders thereof. It was also stated in the answers of the garnishees that they had been garnished in other suits against the said Guilford ; and in one of the answers it was suggested that one O. M. Hill claimed the amount to which the said Guilford was entitled under the policy. The said Guilford executed bond, as provided by the act of February 12, 1891, (Acts 1890-91; page 590), with the other appellants as sureties thereon, to have the garnishments dissolved. J. S. Reeves & Co. obtained a judgment against the said Guilford for the amount of their debt, but no judgment was rendered against either of the garnishees. On motion of the said J. S. Reeves & Co., the court rendered judgment in their favor against the said J. C. Guilford, and each of his sureties on the bond given for the dissolution of the garnishments, and to the rendering of such judgment Guilford and each of his sureties separately excepted. They now appeal, and assign as error the rendition of said judgment.

G. L. COMER, and T. M. ESPY, for appellants.

W. D. ROBERTS, *contra.*

McCLELLAN, J.—It is quite true that, when the defendant to a cause in which the process of garnishment has been resorted to and the garnishee has answered indebtedness executes bond as provided in the act of February 12, 1891, (Acts 1890-91, p. 590), for the dissolution of the garnishment, no judgment can be rendered against the garnishee, for the plain reason that the garnishment has been dissolved.—*Balkum v. Strauss,* 98 Ala. 460. But it is equally true that the bond stands precisely in the stead and place of the garnishee, and that no judgment can be rendered upon it or against any of the obligors therein as such obligors unless and until the plaintiff in action and garnishment would have been entitled to judgment against the garnishee had the bond for the dissolution of the attachment not been given. If for any cause the plaintiff, notwithstanding admission of indebtedness by the garnishee, would not have been entitled to judgment against the garnishee, as for instance when it is made to appear that a third person has a superior claim to the money due or to become due in the hands of the garnishee, then he can not have judgment on the bond.

In the case at bar the answer of the garnishee alleges that the garnishee had been notified that C. M. Hill, a stranger to the pending suit, claimed the money which the answer admitted to be due from the garnishee to the defendant. The answer also showed that other writs of garnishment in other actions against the defendant here had been served on the garnishee, but whether before or after, or simultaneous with, service of the writ in this case does not appear. On this answer, the bond standing in the shoes of the garnishee, the case was brought, in our opinion, directly within the provisions of sections 2984 *et seq.* of the Code, and no judgment on the bond could be rendered—as no judgment against the garnishee, had the bond not have been given, could have been rendered—until the proceedings required by those sections were had, and upon them the claim of Hill had been adjudged against him, or, if he were a resident, two notices of the garnishee's suggestion of his claim had been re-

turned not found. Meantime the law requires the court to suspend the proceedings against the garnishee, and, as we hold, where bond has been given for a dissolution of the garnishment, against the obligors on the bond. That course was not taken in this case. To the contrary, no steps were taken to notify Hill to the end that his claim might be propounded and tried, but judgment was rendered for the plaintiff against the obligors on the bond without the proceedings provided for in the statutes being had. This was clearly erroneous. That judgment will be here reversed, and the cause will be remanded.

The pendency of garnishments against the garnishee here in other suits against the defendant here, whether prior or subsequent to the writ in this case, is not a matter for suggestion by the garnishee under section 2984 of the Code.—*Security Loan Association v. Weems*, 69 Ala. 584. But where there are other prior garnishments, and the admitted indebtedness is not sufficient to satisfy the demands of the two or more plaintiffs or where the several writs are contemporaneous and the indebtedness is not sufficient to satisfy all the claims in full, it would seem that, in the case first supposed, the cause should stand over until the amount of the prior demands including costs has been ascertained by judgment against the bondsmen in that or those cases, and judgment in the subsequent garnishment should then be rendered against the bond in the subsequent case for the balance only of the fund ; and, in the second case—where the service of the several writs is simultaneous—judgment against the bond in any one case should be for only such part of the indebtedness as each plaintiff is entitled to under the rule for division of proceeds of property attached or levied upon simultaneously at the suit of two or more creditors of the defendant ; and that no judgment against the bond could be had in any case until all the claims thus entitled to share in the fund had been ascertained by judgment against the defendant in each of them. These conclusions appear to result necessarily from the position we have declared in respect of putting the bond in the shoes of the garnishee, the provision of the statute that the bond shall be "for the payment of such judgment as may be [i. e. might have been but for the dissolution on bond given] rendered against the garnishee in such proceedings, and the cost thereon," and the adjudications of this

[*Ex parte* Goucher.]

court on this question in a case where no bond had been given.—*Warren v. Matthews, Garnishee*, 96 Ala. 183.
    Reversed and remanded.