# Collins *et al.* v. Baldwin & Co.

### *Garnishment Suit.*

1. *Appeal from judgment against principal and sureties on bond for dissolution of garnishment; in whose name prosecuted.*—Where final judgment is rendered against the original defendant and against his sureties on a bond executed for the dissolution of a garnishment which had been issued in aid of the original suit (Sess. Acts 1890-91, p. 590), an appeal from such judgment is properly prosecuted in the names of the original defendant and of the sureties on said bond.

2. *Same; amendment of certificate of appeal.*—Where the certificate of an appeal from a final judgment against the original defendant in the cause and against his sureties on a bond issued for the dissolution of a garnishment is defective, in failing to show that all the parties against whom the judgment was rendered joined in the appeal, such defect may be cured by amendment, under the statute (Code, § 3653).

3. *Judgment against sureties on bond to discharge garnishment; when may be rendered.*—Where, in a suit in which the process of garnishment is resorted to, the defendant executes a bond for the dissolution of the garnishment, as provided by the act approved February 12, 1891 (Acts 1890-91, p. 590), the dissolution and dismissal of the garnishment proceeding cannot take effect until the amount of the garnishee's liability is ascertained, in one of the modes prescribed by existing law; and therefore a judgment rendered against the sureties on the bond for the dissolution of the garnishment before there has been any ascertainment of the amount of the garnishee's liability is unauthorized.

(COLEMAN, J., dissenting.)

APPEAL from the Circuit Court of Bullock.

Tried before the Hon. J. M. CARMICHAEL.

The appellees, D. H. Baldwin and others, composing

[Collins *et al.* v. Baldwin & Co.]

the firm of D. H. Baldwin & Co., sued S. E. Collins on a promissory note, and in aid of the suit sued out a writ of a garnishment, which was served upon two fire insurance companies as garnishees. Thereupon the defendant executed a bond to dissolve the garnishment, with H. C. Tompkins and Alex. Troy as sureties, and conditioned "for the payment of the amount of such judgment as may be rendered against the garnishees in such proceedings, and the cost thereof." On the trial of the main cause, the plaintiff recovered judgment against defendant, and thereupon, without any answer being filed by either of the garnishees, and without any evidence that either was indebted to the defendant, the court entered judgment against the defendant and the sureties on said bond for the amount of the judgment rendered against the defendant in the main cause, together with the costs of that suit and of the garnishment proceedings. The defendant and the sureties on said bond separately objected to the rendition of said judgment, and separately excepted to the action of the court in overruling said objection and entering said judgment. The certificate to the transcript on the appeal from said judgment was as follows: "I, A. H. Pickett, clerk of the circuit court in and for said county, hereby certify that the foregoing pages numbered from one to ———, inclusive, contain a full, true, and complete transcript of all the proceeding and records in a certain cause pending in the circuit court of said county, wherein D. H. Baldwin & Co. were plaintiffs and S. E. Collins defendant, and the Home Protection of North Alabama and Traders & Mechanics of New Orleans, Louisiana, garnishees, as appears from the original papers and records now on file in my office. And I further certify that on the 19th day of June, 1894, the defendant took an appeal to the supreme court of the State of Alabama, and tendered his bond as security, which was approved by me, and said appeal granted." The appeal bond was executed by H. C. Tompkins and Alex. Troy, as principals, together with their sureties. In this court the appellees moved to dismiss the appeal on the following grounds: "First. The appeal is not taken by all parties defendant in the court below. Second. This appeal is taken by only two of the defendants below, and the other defendant does not join in this appeal. Third.

Because the defendants below, H. C. Tompkins and Alex. Troy, take this appeal in their own names, and for their own benefit; not on behalf of themselves and the other defendant below. Fourth. Because the defendant below, S. E. Collins, does not take this appeal, but the appeal is taken in the name of H. C. Tompkins and Alex. Troy, who were not parties in the case below."

TOMPKINS & TROY, for appellants.

HILL, ROQUEMORE & ROGERS, *contra.*

BRICKELL, C. J.—An appeal must be taken in the name of the parties against whom the final judgment or decree is rendered, and the certificate of appeal should show when and by whom it was taken. If the certificate properly describes the case in which the judgment was rendered, and the relation of the parties to it, a statement that the plaintiffs or the defendants, against whom the judgment was rendered, sued out an appeal, would be sufficient, without reciting their names. The record discloses a judgment rendered against several; and the certificate of appeal states that the appeal was taken by the "defendants." If this statement could be referred to the final judgment as found in the record, we could not hesitate to declare it sufficient. The tendency of our statutes and of our decisions is to regard substance and not form, in certificates of appeal. But it is apparent this statement refers to the parties to the original suit, which is properly described in the certificate, naming the parties, including some as defendants against whom judgment was not rendered. The final judgment is rendered against the original defendant, and against Tompkins & Troy, his sureties on a bond purporting to have been given for the dissolution of the garnishment which had issued in aid of the original suit. The judgment determines who are the parties rightfully entitled to an appeal; who are aggrieved, if error has intervened. The relation of Tompkins & Troy, as sureties on the bond for the dissolution of the garnishment, authorized the rendition of judgment against them for the amount of the judgment against their principal, if it did not exceed the liability expressed in the condition of the bond. It is quite an error to suppose that there

was anything in their relation preventing them from joining with their principal in the prosecution of an appeal. There are numerous cases in which parties standing in a like relation have joined with their printipal in the prosecution of appeals. Where, on an appeal from the judgment of a justice of the peace, judgment has been rendered against the principal and sureties on the appeal bond, an appeal to this court, the sureties joining, has been uniformly maintained. I Brick. Dig. 91, § § 104-5. The defect in the certificate of appeal, which has been pointed out, is amendable under the statute.—Code § 3653.

The motion to dismiss the appeal must be overruled, and the appellants given ten days to cure the defect in the certificate. If within that time the amendment is not properly made, the motion to dismiss may be renewed.

HEAD, J.—The act entitled, "An act to dissolve garnishments in cases where the defendant executes bond to plaintiff" (Acts 1890-91, p. 590), is so awkwardly drawn that it cannot be literally enforced. If by reason of the filing of the bond therein provided for the garnishment is or shall be dissolved, and required to be dismissed, most obviously, no judgment can be rendered against the garnishee at any stage of the proceeding, for the reason, not only that the garnishment suit is expressly put out of court before the period arrives at which such judgment could be rendered, but that the manifest purpose of the enactment was to enable the garnishee to pay to the defendant whatever sum he owes him, and be discharged from liability to a judgment therefor, in favor of the plaintiff in the suit; the bond, with sureties, given by the defendant, taking the place of the liability. The provision in the act, therefore, that the condition of the bond shall be for the payment of the amount of such judgment as may be rendered against the garnishee in such proceedings, and the cost thereon, must be taken to mean, for the payment of such sum and costs as judgment could have been rendered for against the garnishee, if the bond had not been given. We, in effect, so held, in some of our former constructions of this act. See *Balkum v. Reeves*, 98 Ala. 460 ; *Balkum v. Strauss*, 100 Ala. 207 ; *Guilford v. Reeves*,

[Collins *et al.* v. Baldwin & Co.]

103 Ala. 301. It results from this conclusion that the dissolution and dismissal of the garnishment suit cannot take effect until a monied liability, for which the court could properly render judgment against the garnishee if the bond had not been given, shall have been first ascertained by one of the modes known to existing law for ascertaining such liability ; which modes are, an admission of indebtedness to defendant by the answer of the garnishee, suggesting no claimant of the fund ; or, if suggesting a claimant, a trial of that issue, resulting in favor of the plaintiff ; the ascertainment of indebtedness by contest of the answer of the garnishee, where such contest is interposed, as provided by law ; and the failure of the garnishee to answer, or show cause, after judgment *nisi* has been rendered against, and notice thereof duly served upon him ; or two such notices returned not made known. It was never the intention of the legislature to do away with, or impair the efficiency of, these methods and remedies for ascertaining the liability of the garnishee. The purpose of the act was simply to enable the garnishee to pay over to the defendant, pending the suit, the money owing by him, instead of setting it apart and holding it, unproductive, or paying it into court where it would lie idle, to meet judgment which might, in the course of the suit, be rendered against the garnishee ; and to substitute for the garnishee the defendant and the sureties on his bond, as the persons against whom judgment, for the ascertained liability of the garnishee, shall be rendered, relieving the garnishee from the rendition of any final judgment against him whatever. As we have said, we repeat, that in order to enforce the act at all, the garnishment and garnishee must necessarily be kept in court, until the amount of the latter's liability is ascertained according to the forms provided by existing law ; and when the same is so ascertained, so that final judgment could and would be entered against the garnishee but for the act, and the execution of the bond under it, then judgment shall be rendered, not against the garnishee, but against the defendant and the sureties on the bond for the amount of the liability so ascertained, and the costs. We cannot, for a moment, subscribe to the argument of counsel that the execution of the bond renders the obligors liable absolutely for the amount of recovery the plaintiff may ob-

[Collins *et al.* v. Baldwin & Co.]

tain against the defendant, without regard to whether or not the garnishee is liable in any way to the defendant, for the amount of such liability. So much can be said against the argument that we deem it unnecessasy to say anything. We feel quite sure no such thought pervaded the legislative mind. The court erred in rendering judgment against the obligors on the bond, without any ascertainment of a liability on the part of the garnishee.

Reversed and remanded.

COLEMAN, J., dissenting.—The statute which the court undertakes to construe in this case reads as follows : "That in all cases where garnishments are issued, when suits pending a judgment has been obtained, the defendant may dissolve such garnishment and have the same dismissed, upon filing in the clerk's office of the court where suit is pending, or judgment was obtained, or with the justice of the peace where suit is pending or judgment obtained, in such court a bond with sufficient security, payable to the plaintiff for the payment of the amount of such judgment as may be rendered against the garnishee in such proceedings, and the cost thereon ; and the plaintiff may have judgment on such bond against the defendant and sureties, as judgment may be obtained against sureties upon appeal bonds." The opinion in this case holds that the statute does not mean that the defendant may dissolve the garnishment and have the same dismissed upon filing the bond, but that the garnishment remains in court as a suit, for the purpose of having the garnishee to answer, and also for the purpose of a contest, if one is desired. The act expressly declares that, upon filing the bond, the defendant may have the garnishment dissolved and dismissed. The opinion declares that no judgment can be rendered against the garnishee for the reason that the act declares that the garnishment may be dissolved upon filing the bond. I can not understand why it is that the garnishment may be dissolved, and thereby prevent a judgment against the garnishee, but is not dissolved so far as to require the garnishee to answer and to contest his answer. If the garnishment is dissolved in the one case, the same words dissolve it as to the other. But the statute expressly provides for the rendition of a judgment against the garnishee. It seems to the writer that if the

[Colllns *et al.* v. Baldwin & Co.]

garnishee is to be kept in court for the purpose of an answer or contest of his answer, he should be kept in court for the purpose of a judgment against him, and thus comply with the condition of the bond, which authorizes a judgment against the defendant and sureties. The opinion declares the defendant and sureties are liable for such judgment as *might* have been rendered against the garnishee. The act declares that the bond is "payable to the plaintiff for the payment of the amount of such judgment as *may be rendered* against the garnishee in such proceedings." Again, look at the last clause of the statute. It declares that "the plaintiff may have judgment on such bond against the defendant and sureties, as judgment may be obtained against sureties upon appeal bonds." A judgment upon an appeal bond cannot be rendered until there has been a judgment in the court to which the appeal has been taken to support it. The provision seems to imply a judgment against the garnishee before the judgment on the bond. Who is to approve the bond filed by defendant, and when is it to be approved? Is the garnishment to be dissolved before the bond is approved, or is the bond to be approved by any one? Does the defendant determine the sufficiency of the bond, and is the garnishment to be dissolved upon his approval of his own bond? The answers to these questions are purely speculative. Instead of construing the statute, the opinion has constructed a statute. This is done, it is said, for the reason that the statute, as framed, cannot be enforced. The duty of the court in such cases is plain. A statute so incomplete or indefinite as to be unintelligible and incapable of enforcement is simply void, and should be so declared. Such an abortive attempt by the legislature to declare a statute does not confer legislative powers upon the judicial department of the government. I am opposed to encroachments by the judiciary upon the legislative department, and in construing statutes the court should be conservative and keep within well defined rules. No one can read the statute as written, and the one constructed for the legislature, and say with certainty that they are in form or substance the same. For these reasons I do not concur in the opinion of the court.

It seems to the writer that the statute admits of a construction more in accordance with its language and

the intention of the legislature than that placed upon it by the opinion of the court. The statute makes no provision by which the defendant may proceed against his debtor, the garnishee. The effect of giving the bond with security and dissolving the garnishment is to release the garnishee from the garnishment suit. The defendant's remedy against his debtor, the garnishee, remains the same as if there had been no garnishment. The defendant debtor is not required to give the bond or to dissolve the garnishment. This is a voluntary movement on his part. If he makes the bond and dissolves the garnishment, the garnishee is discharged, and the issue is between the plaintiff and the defendant. Upon this issue it devolves upon the plaintiff to show a liability of the person garnished, as provided in the statute. The garnishee may be used by either party as a witness, or the liability may be shown, and may be rebutted by other testimony. The answer of the garnishee is not contested, in the sense of a contest as generally understood, but his liability is determined by the evidence. If we put this construction on the statute, then the court is relieved of all necessity to make any alteration in the statute except the one of substituting the word "might" for the word "may," as discussed in the opinion of the court, and the purpose of the statute will be accomplished. I cannot concur in a construction which makes such radical changes as that set forth in the opinion, and which in my opinion defeats its object. The diverse opinions show the obscurity of the meaning of the statute, and the difficulty of any satisfactory application.