## Skews v. Vancleave.

### Contest of Claim of Exemptions.

1. *Claim of exemptions in garnishment.*—The defendant in garnishment may interpose a claim of exemptions to money admitted by the garnishee to be owing, after he, the defendant, has given bond for the dissolution of the garnishment under the act of February 12, 1891, (Acts, 1890-91, p. 590).

APPEAL from Jefferson Circuit Court, Bessemer Division.

Tried before Hon. JAS. J. BANKS.

The error assigned and insisted on is the overruling of a motion to strike the claim of exemptions from the file. The case is stated in the opinion.

J. A. ESTES, for appellant, cited, *Balkum v. Strauss,* 100 Ala. 207; *Collins v. Baldwin,* 109 Ala. 405; *Robertson v. State,* 7 West Rep. (Ind.), 481, 488; S. C. 10 N. E. Rep. 582, 583.

JAMES TROTTER, *contra,* cited, *Guilford et al. v. Reeves et al.,* 15 So. 661-2.

McCLELLAN, J.—The sole question in this case is whether a defendant in garnishment may interpose a claim of exemption to the money admitted by the garnishee to be owing after he, the defendant, has given bond for the dissolution of the garnishment under the act of February 12, 1891, (Acts, 1890-91, p. 500,) and the garnishee has paid the money over to the defendant. We regard this question as being substantially settled in the affirmative by the decision of this court in the case

of *Guilford et al. v. Reeves & Co.*, 103 Ala. 301, where it was held that the statutory claim of a third person to the fund could be maintained after the bond had been given and the money had under it been paid over to the defendant. The position that under the circumstances stated the fund is not *in gremio legis* is untenable. It continues in the hands of the law in such cases just as property surrendered to a party under a forthcoming bond is constructively, but none the less efficaciously, for all purposes of this sort, *in gremio legis*.

The judgment of the circuit court must be affirmed.

Affirmed.