154 So. 560

**STANDARD SANITARY MANUFACTURING CO. v. BENSON HARDWARE CO.**

4 Div. 751.

Supreme Court of Alabama.

April 5, 1934.

Rehearing Denied May 24, 1934.

C. B. Fuller and E. O. Baldwin, both of Andalusia, for appellant.

Powell, Albritton & Albritton, of Andalusia, for appellee.

ANDERSON, Chief Justice.

This case has been before this court before, 225 Ala. 412, 143 So. 570, though the questions here presented were not involved or discussed upon the former appeal.

■ There can be no question of the fact that the levy of an attachment or the issuance of garnishment gives a lien from the levy of the former and service of the latter and that it ordinarily continues until the final disposition of the case, unless, in the meantime, intercepted or dissolved. Section 8064 of the Code of 1923, however, provides for the giving of a bond by the defendant in double the amount of plaintiff's demand in garnishment suits and dissolves the garnishment when said bond is given, thus in effect, dissolving the lien and substituting the bondsmen. Guilford et al. v. Reeves & Co., 103 Ala. 301, 15 So. 661; Balkum v. Strauss, 100 Ala. 207, 14 So. 53; Balkum v. Reeves, 98 Ala. 460, 13 So. 524. These cases are based on the Acts of 1891, page 590, now embraced in section 8064 of the present Code, so the earlier cases cited by appellant's counsel can have little or no bearing on this question.

The case of Henry v. McNamara, 114 Ala. 107, 22 So. 428, dealt with the nature and character of a garnishment lien and the fact of a dissolution of same and the discharge of the garnishee by giving bond as provided by section 8064 was not involved or discussed.

■■ The plaintiff having no lien, the plea of discharge of the defendant by the bankrupt court was a complete defense in bar to a judgment against the defendant and likewise to one against the sureties on the bond. Young & Co. v. Howe et al., 150 Ala. 158, 43 So. 488; Carpenter et al. v. Turrell et al., 100 Mass. 450. True as noted in the Young & Co. Case, supra, the United States Supreme Court has held that the suit may be permitted to proceed for a limited purpose after the defendant is adjudged a bankrupt, not by virtue of the Bankruptcy Act (11 USCA), but to the extent of the authority of the state court under the local law. The Alabama law gives no right against the bondsmen unless the plaintiff recovers a judgment against the defendant. Young & Co. Case, supra; Guilford et al. v. Reeves & Co., 103 Ala. 301, 15 So. 661; Brown, Webb & Co. v. Southern Woodenware Co., 210 Ala. 505, 98 So. 560.

It is urged, in brief of counsel, that this case can be distinguished from Young & Co. v. Howe et al., supra, because there was an appeal bond in said case and not such as we have here under section 8064. It is sufficient to say, there is no difference in principle as the statute, section 8064, is "conditioned to pay such judgment as may be rendered or ascertained to exist in favor of the plaintiff and against the defendant." After the discharge of the defendant, no lawful judgment could be rendered or ascertained against him in favor of the plaintiff.

The rulings of the trial court in overruling the demurrer to the defendant's special plea of bankruptcy, and in sustaining the defendant's replication to said plea, and in giving the general charge for the defendant were

free from error and the judgment of the circuit court is accordingly affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.