In re Gary Ray COBB, Debtor.

Gary Ray COBB, Plaintiff,

v.

HOUSEHOLD FINANCE CORPORATION, Defendant.

Bankruptcy No. 3–81–01447.
Adv. No. 3–81–1065.

United States Bankruptcy Court, E. D. Tennessee.

Feb. 16, 1982.

Norman L. Griffin, Knoxville, Tenn., for plaintiff.

Steve Merritt, Maryville, Tenn., for defendant.

## MEMORANDUM

CLIVE W. BARE, Bankruptcy Judge.

The debtor seeks to recover from a judgment creditor the sum of $1,367.02. 11 U.S.C. § 522(h).[1] The facts are not in dispute.

On September 22, 1981, the debtor filed a voluntary petition in bankruptcy, Chapter 7, listing Household Finance as an unsecured judgment creditor in the amount of $1,632.64. At that time the debtor's employer, Tennessee Valley Authority (TVA), was holding the sum of $1,477.64 which had been withheld from the debtor's wages pursuant to a garnishment by Household Finance. See Schedule "A" attached. On or about October 14, 1981, TVA paid these funds to the Clerk of the Limestone Circuit Court who in turn paid the funds to Household Finance. The debtor in his bankruptcy petition claimed the funds as exempt, 11 U.S.C. § 522(b)(2)(A); T.C.A. 26–2–102. Household Finance insists that under Alabama law[2] the issuance of a garnishment imposes a lien from the time of the service of the garnishment and that the lien continues until the full amount is. paid. Household concedes, however, that the debtor can recover wages earned within 90 days of the filing of the bankruptcy petition. 11 U.S.C. § 547(b); 11 U.S.C. § 522(h).

In *Standard Sanitary Manufacturing Co. v. Benson Hardware Co.*, 228 Ala. 594, 154 So. 560 (1934), the Alabama Supreme Court stated:

> (1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, . . . ."

---

1. "(h) The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if—

2. The parties agree that Alabama law controls. The debtor worked in Alabama; his wages were garnished in Alabama.

"There can be no question of the fact that the levy of an attachment or the issuance of garnishment gives a lien from the levy of the former and service of the latter and that it ordinarily continues until the final disposition of the case, unless, in the meantime, intercepted or dissolved."

■ The trustee, under § 547(b) of the Bankruptcy Code, is limited to the recovery of transfers that occur within 90 days of bankruptcy. He cannot recover transfers which occur outside the 90-day period.[3] A transfer is perfected as to property other than real property "when a creditor on a simple contract cannot acquire a judicial lien that is superior to the interest of the transferee." 11 U.S.C. § 547(e)(1)(B). See *In re Woodman*, 8 B.R. 686 (Bkrtcy.W.D. Wis.1981); *In re Cox*, 10 B.R. 268 (Bkrtcy. D.Md.1981). The debtor's rights are limited to those of the trustee. 11 U.S.C. § 522(h). The debtor can, however, recover those funds earned and withheld within the 90-day period prior to bankruptcy, in this case, the sum of $352.99. Household concedes that the trustee could have recovered those funds and, since the trustee did not do so, the debtor may avoid the transfer. 11 U.S.C. § 547(b); 11 U.S.C. § 522(h).

This Memorandum constitutes findings of fact and conclusions of law, Bankruptcy Rule 752.

### SCHEDULE "A"

| Pay Period | Amount of Deduction |
|---|---|
| January 11–24, 1981 | $ 93.28 |
| January 25–February 7 | 95.52 |
| February 8–21 | 84.30 |
| February 22–March 7 | 93.28 |
| March 8–21 | 81.61 |
| March 22–April 4 | 82.51 |
| April 5–18 | 84.30 |
| April 19–May 2 | 126.43 |
| May 3–16 | 148.21 |
| May 17–30 | 118.68 |
| May 31–June 13 | 116.53 |
| June 14–27 | 76.36 |
| June 28–July 11 | 116.53 |
| July 12–25 | 116.53 |
| July 26–August 8 | 43.57 |
| | $1,477.64 |

---

3. Except transfers to "insiders." 11 U.S.C. § 547(b)(4)(B).