In re DAIKIN MIAMI OVERSEAS, INC. et al., Debtors.

CARRIER CORPORATION, Defendant/Appellant,

v.

MID CORPORATION, Plaintiff/Appellee.

No. 86–0567–CIV.

United States District Court, S.D. Florida.

July 18, 1986.

Ronald G. Neiwirth, Miami, Fla. for plaintiff/appellee.

Norman I. Segal, North Miami Bch., Fla., for defendant/appellant.

ORDER ON APPEAL

SCOTT, District Judge.

Appellant Carrier Corporation ("Carrier") appeals an order of the bankruptcy court denying Carrier's motion to vacate a final judgment. On appeal, Carrier contends that the trial date of the adversary proceeding was untimely and that the bankruptcy judge abused his discretion in failing to vacate the final judgment. Those facts necessary to an understanding of the issues raised on appeal will be summarized.

FACTS

The action below sought the avoidance of a preferential payment by a Debtor-in-Possession pursuant to 11 U.S.C. § 547. The

complaint, filed on December 24, 1985 by Appellee M.I.D. Corporation ("MID"), alleged that Carrier had received three payments under a settlement agreement relating to an earlier dispute within ninety days of the bankruptcy filing. On the same day, and in accordance with the Federal Rules of Bankruptcy Procedure, a summons and notice of trial was issued. The summons and notice of trial set forth the deadline for a responsive pleading and designated a trial date of January 21, 1986.

Pursuant to Bankruptcy Rule 7004, copies of the summons and notice of trial and the complaint were mailed on December 31, 1985 to Carrier's registered agent and its counsel of record in the main bankruptcy case. The registered agent forwarded the documents to Carrier's principal office in Syracuse, New York where they were received by Carrier's general counsel on January 13, 1986. During the week that followed, Carrier's general counsel attempted to ascertain the circumstances surrounding the complaint from Carrier's various credit departments. This information was being sought in order to determine if Carrier had a valid defense to the action. On January 20, 1986, one day before trial, the information was discovered by Carrier's general counsel. Despite having received the summons and notice of trial and a copy of the complaint, Carrier failed to respond in accordance with the summons.

On January 21, 1986, Carrier failed to appear at the time and place set for trial. Thereupon, counsel for MID moved for entry of a default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure, as made applicable to bankruptcy proceedings by Bankruptcy Rule 7055. On January 23, 1986, the bankruptcy court granted MID's motion and entered final judgment in favor of MID and against Carrier.

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, applicable to the bankruptcy proceeding through Bankruptcy Rule 9024, Carrier moved to vacate the default judgment previously entered. In denying Carrier's motion to vacate, the bankruptcy court found that service was properly made pursuant to Bankruptcy Rule 7004 and that Carrier failed to make the requisite showing of excusable neglect and a meritorious defense to the action. This appeal followed.

## DISCUSSION

■ Carrier initially contends that the trial date set by the bankruptcy court was untimely. At the outset, this Court notes that acceptance of such a contention negates the inherent power of

> every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants.

*Landis v. North American Co.,* 299 U.S. 248, 254, 57 S.Ct. 163, 166, 81 L.Ed. 153 (1936). Moreover, this policy is clearly appropriate in the present case where the interests of the bankruptcy process are best served by speedy and diligent administration by all those involved. Accordingly, this Court finds no error in the bankruptcy judge's decision to set the trial for January 21, 1986.

Carrier also contends that the bankruptcy judge abused his discretion in failing to vacate the final judgment. It is well-established that a denial to set aside a default judgment will not be reversed unless there is an abuse of discretion. *McGrady v. D'Andrea Electric, Inc.,* 434 F.2d 1000 (5th Cir.1970). In order to have a default judgment set aside, a party is required "to show both that there was good reason for the default and that he has a meritorious defense to the action." *Id.* at 1001.

■ Rule 60(b) of the Federal Rules of Civil Procedure permits a court to relieve a party of judgment for, among other good reasons, excusable neglect. The requirement of a showing of "excusable neglect" insists that "one who is a party to litigation must attend to it and give it that amount of attention which one of ordinary prudence gives to important business." *Nelson v. Coleman Co.,* 41 F.R.D. 7 (D.S.C.1966). Carrier's excuse falls far short of this standard for its registered agent was undeniably served with process and its general

counsel was fully cognizant of the pending litigation. Carrier claims to have been preoccupied with discovering information to determine whether a valid defense to the action existed. But by ordinary diligence Carrier's general counsel should have found the time to file a motion for an enlargement of time within which to respond to the complaint as well as a motion for continuance of the trial. Such want of diligence can only be characterized as mere carelessness and negligent disregard, behavior falling short of "excusable neglect." *Usery v. Weiner Bros., Inc.*, 70 F.R.D. 615, 616–17 (D.Conn.1976); *In re Lee*, 18 C.B.C. 136 (E.D.Va.1978). In light of the record of this case, this Court finds no abuse of discretion in the bankruptcy judge's determination that there was no adequate showing of excusable neglect and in his denial of Carrier's motion to vacate the final judgment.

 The remaining issue for this Court to consider is whether there was an abuse of discretion in the bankruptcy judge's determination of an inadequate showing of a meritorious defense. In its proposed answer,[1] Carrier admitted having received the questioned payments and admitted the execution of the settlement agreement. As a defense, Carrier alleged that the payments fell within an exception to the preferential transfer section in § 547(c)(2) for payments made in the ordinary course of business. The purpose of the (c)(2) exception was to leave undisturbed ordinary financial relations between a debtor and its creditors.[2] This section protects ordinary trade transactions which are kept current, but was not intended to include transactions outside the normal course of either the debtor's or creditor's business. Given the purpose of the (c)(2) exception, it is not difficult for this Court

to agree with the bankruptcy judge's determination. As the bankruptcy judge reasoned, payments made pursuant to a settlement agreement, which appear to be the result of an antecedent debt and prior dispute between the parties, are simply not in the ordinary course of business. Accordingly, this Court finds no abuse of discretion in the bankruptcy judge's determination that there was no adequate showing of a meritorious defense to the action and in his denial of Carrier's motion to vacate the final judgment.

Based on the foregoing, it is hereby ORDERED AND ADJUDGED that the judgment and order of the bankruptcy court is AFFIRMED.

## APPENDIX A

IN THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

Bankruptcy No. 85–02480–BKC–SMW.

Adv. No. 85–1352–BKC–SMW–A.

### FINAL JUDGMENT

THIS MATTER was set before the Court for trial on January 21, 1986. The Court concluded that the Defendant has been properly served, but has failed to appear or otherwise contest the Complaint, and being otherwise fully advised in the premises, it is

ORDERED and ADJUDGED that:

1. Defendant has received a preferential transfer from the Debtor in the amount of $27,000.00;

2. Plaintiff is entitled to avoid the aforesaid preferential transfer;

---

1. Carrier filed its proposed answer together with its motion to vacate the default judgment on February 3, 1986.

2. The ordinary course of business exception was enacted:
 to leave undisturbed normal financial relations of the debtor, because it does not detract from the general policy of the ... section to

discourage usual actions by either the debtor or his creditors during the debtor's slide into bankruptcy....
H.Rep. No. 95–595, 95th Cong., 1st Sess. 373–74 (1977); S.Rep. No. 95–989, 95th Cong., 2nd Sess. (1978); U.S.Code Cong. & Admin.News 1978, 5787, 5874, 6329.

3. Final Judgment is entered in favor of M.I.D. CORPORATION, and against the Defendant in the amount of $27,000.00, together with costs of sixty dollars ($60.00) and interest at the legal rate from the date of this judgment.

DONE and ORDERED in Chambers in Miami, Dade County, Florida on January 23, 1986.

/s/ Sidney M. Weaver
U.S. Bankruptcy Judge

APPENDIX B

IN THE UNITED STATES BANKRUPT-CY COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

Bankruptcy No. 85–02480–BKC–SMW.

Adv. No. 85–1325–BKC–SMW–A.

ORDER ON DEFENDANT'S MOTION TO VACATE FINAL JUDGMENT

THIS MATTER came before the Court on the 18th day of February, 1986, upon the Motion of Defendant for entry of an Order vacating the Final Judgment entered in this adversary proceeding. It appears. that service has been made in compliance with B.R. 7004(f); it further appears that the proposed answer is not sufficient to overcome the documents attached to the Complaint, showing that the transfers were not in the ordinary course of business, and thus, the necessity of the Defendant's showing not only excusable neglect but a valid defense, has not been met. The Court, having been othewise fully advised in the premises, it is hereby;

ORDERED and ADJUDGED that Defendant's Motion to Vacate Final Judgment in this adversary proceeding be, and the same is hereby denied.

DONE AND ORDERED in Chambers, in Miami, Dade County, Florida, this 21 day of February, 1986.

/s/ Sidney M. Weaver
Bankruptcy Court Judge