In re Robert Dwight HOLDWAY, Mary Frances Holdway, Debtors.

Robert Dwight HOLDWAY, Mary Frances Holdway, Plaintiffs,

v.

Thomas E. DUVOISIN, Liquidating Trustee for Southern Industrial Banking Corporation, Defendant.

Bankruptcy No. 3–87–00821.
Adv. No. 3–87–0134.

United States Bankruptcy Court,
E.D. Tennessee.

Jan. 21, 1988.

L. Kirk Wyss, Morristown, Tenn., for plaintiffs.

Testerman & Norwood, Mary M. Testerman, Linda Jones Norwood, Knoxville, Tenn., for defendant.

## MEMORANDUM ON PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

RICHARD S. STAIR, Jr., Bankruptcy Judge.

By this adversary proceeding, the debtors seek to recover from defendant, a judgment creditor, the sum of $687.74 as a voidable preference under § 547(b) of title 11. Their right to recovery is premised on Bankruptcy Code § 522(h).[1] In his answer, the defendant raises several affirmative defenses including an "ordinary course of business" defense under § 547(c)(2).[2] On December 14, 1987, plaintiffs filed a "Motion For Partial Summary Judgment" contending they are "entitled to summary judgment on the issue of 11 U.S.C. 547(c)(2) as a defense to recovery of a garnishment."

This is a core proceeding. 28 U.S.C.A. § 157(b)(2)(F) (West Supp.1987).

### I

The undisputed facts essential to a resolution of plaintiffs' motion, as determined from the pleadings, are as follows:

1. The debtors filed their joint voluntary petition under Chapter 7 of title 11 of the United States Code on April 2, 1987.

2. Prior to the filing of their bankruptcy petition, a judgment was entered in defendant's favor in the General Sessions Court for Hamblen County, Tennessee, against one of the debtors, Mary Frances Holdway.[3]

3. After the judgment of the General Sessions Court for Hamblen County became final, defendant obtained a garnishment and levied on the earnings of Mary Frances Holdway held by her employer.

4. Within ninety (90) days preceding the filing of the debtors' petition, the defendant received $687.74 from Mrs. Holdway's employer as a result of his garnishment.

### II

The sole issue raised by plaintiffs in their "Motion For Partial Summary Judgment" relates to the availability of the § 547(c)(2) "ordinary course of business" defense to defendant, a judgment creditor having obtained funds from the employer of one of the debtors by garnishment within ninety (90) days preceding the filing of the debtors' bankruptcy petition.

Section 522(h) provides for the avoidance by a debtor under the provisions of § 547 of "a transfer of property of the debtor ... to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer...."[4] Subsection (g)(1) provides in material part:

> (B) made in the ordinary course of business or financial affairs of the debtor and the transferee; and
> (C) made according to ordinary business terms[.]

11 U.S.C.A. § 547(c)(2) (West Supp.1987).

---

1. Section 522 of title 11 provides in material part:

> (h) The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if—
> (1) such transfer is avoidable by the trustee under section ... 547 ...; and
> (2) the trustee does not attempt to avoid such transfer.

11 U.S.C.A. § 522(h) (West Supp.1987).

2. Section 547(c)(2) provides:

> (c) The trustee may not avoid under this section a transfer—
> ....
> (2) to the extent that such transfer was—
> (A) in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee;

3. The record to this point does not clearly reflect whether this judgment was entered in favor of defendant or his predecessor in interest, Southern Industrial Banking Corporation. Defendant is the ultimate beneficiary of the judgment and resolution of this issue is not material.

4. Notwithstanding defendant's denial in his answer to plaintiffs' averment in their complaint that "the proceeds of the garnishment were properly claimed as exempt by the Debtors under TCA 26–2–102," the court takes judicial notice of the amendment to Schedule B–4.—*Property claimed as exempt,* filed by the debtors on May 19, 1987, specifically claiming as exempt the funds garnisheed by defendant. Fed.R.Evid. 201.

(g) Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if—

(1)(A) such transfer was not a voluntary transfer of such property by the debtor; and

(B) the debtor did not conceal such property[.]

11 U.S.C.A. § 522(g)(1) (West 1979).

This court has previously determined that the trustee of a Chapter 7 debtor could, pursuant to § 547(b), recover wages earned and withheld pursuant to a garnishment, within the 90–day period prior to bankruptcy, and that where the trustee did not do so the debtor could avoid the transfer under § 522(h). *Cobb v. Household Finance Corp. (In re Cobb)*, 17 B.R. 687 (Bankr.E.D.Tenn.1982).

### III

According to the legislative history of § 547(c)(2), the clear purpose of the "ordinary course of business" exception "is to leave undisturbed normal financial relations, because it does not detract from the general policy of the preference section to discourage unusual action by either the debtor or his creditors during the debtor's slide into bankruptcy." H.R.Rep. No. 595, 95th Cong., 1st Sess. 373, *reprinted in* 1978 U.S.Code Cong. & Admin.News 5963, 6329; S.Rep. No. 989, 95th Cong., 2d Sess. 88, *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 5874. "Thus, in determining whether a transferee has established the requirements of § 547(c)(2), the court should consider factors such as the prior course of dealing between the parties, the amount of the payment, the timing of the payment, and the circumstances surrounding the payment." *Newton v. Ed's Supply Co., Inc. (In re White)*, 58 B.R. 266, 269 (Bankr.E.D.Tenn.1986).

As originally enacted under the Bankruptcy Reform Act of 1978, § 547(c)(2) re-

quired satisfaction of a fourth condition to establish an "ordinary course of business" exception. This fourth requirement was that payment be made within forty-five (45) days of incurring the debt. Congress eliminated the forty-five (45) day requirement by amendment in 1984. *See* Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353, 98 Stat. 333, 378 (1984). The forty-five (45) day period was selected as a normal trade credit cycle. "Congress treated as nonpreferential an ordinary-course payment of trade credit in the first 15 days of the month following the month in which the goods were shipped or services performed. Payments later than the 15th are often late payments and an indication of financial trouble." Levin, *An Introduction To The Trustee's Avoiding Powers*, 53 Am.Bankr.L.J. 173, 187 (1979).

As is noted in a leading treatise on bankruptcy:

The 45–day rule effectively left unprotected ordinary course transfers whose customary terms exceeded 45 days. The legislative history reveals that this concern prompted Congress to eliminate the 45 day rule.

. . . .

To fall under the "ordinary course" exception, a transferee must show that: (i) the underlying debt on which payment was made was "incurred in the ordinary course of business or financial affairs" of the parties; (ii) the transfer was made "in the ordinary course of business or financial affairs" of both parties; and (iii) the transfer was made "according to ordinary business terms." The Code fails, however, to define these phrases. Those courts testing a transfer for "ordinariness" under § 547(c)(2) have generally focused on the prior conduct of the parties, the common industry practice, and, particularly, whether the creditor did "anything abnormal to gain an advantage over other creditors."

4 *Collier On Bankruptcy*, ¶ 547.10, at 547–43 and 44 (15th ed. 1987) (footnote omitted).

"Congress found in Section 547(c)(2) a means to protect *normal financial relations* between the debtor and its creditors."

*Merrill v. Abbott (In re Indep. Clearing House Co.)*, 41 B.R. 985, 1014 (Bankr.Utah 1984) (emphasis added). *See also Robert K. Morrow, P.C. v. United States (In re Morris)*, 53 B.R. 190, 192 (Bankr.Or.1985) (purpose of § 547(c)(2) is to encourage creditors to continue short-term credit dealings with troubled debtors in order to forestall bankruptcy rather than encourage it); *Evans Temple Church of God in Christ and Community Center, Inc. v. Carnegie Body Co. (In re Evans Temple Church of God in Christ and Community Center, Inc.)*, 55 B.R. 976, 984 (Bankr.N.D.Ohio 1986) (section 547(c)(2) contemplates normal credit transactions such as the sale of goods from a business supplier); *Carrier Corp. v. Mid Corp. (In re Daikin Miami Overseas, Inc.)*, 65 B.R. 396, 398 (S.D.Fla. 1986) (section 547(c)(2) protects ordinary trade transactions which are kept current, but was not intended to include transactions outside the normal course of either the debtor's or the creditor's business).

Considering the congressional intent leading to the enactment of § 547(c)(2), i.e., "to leave undisturbed normal financial relations," it is impossible for this court to equate garnishment with an "ordinary course of business" transaction. Under Tennessee law " '[g]arnishment' means any legal or equitable procedure through which the earnings of an individual are *required* to be withheld for payment of any debt." Tenn.Code Ann. § 26–2–105 (1980). (emphasis added). Garnishment is, therefore, by definition, an extraordinary form of debt collection utilized by a creditor to involuntarily force payment of a debt.

It is the opinion of this court that "ordinariness" in business or financial affairs cannot exist between a creditor and his debtor when payments by the debtor cease and the creditor is required to resort to debt collection efforts through legal or equitable proceedings. In the case sub judice, not only was the defendant required to file suit on his claim and obtain a judgment in an effort to collect his debt, he was also required to execute on that judgment.

Given the purpose of the § 547(c)(2) exception, the court has determined that the involuntary payment of earnings of the debtor, Mary Frances Holdway, made by her employer to the defendant pursuant to garnishment were not in the "ordinary course of business or financial affairs" of the debtor and defendant, nor were they made "according to ordinary business terms."

### IV

Bankruptcy Rule 7056, relating to summary judgment, provides in material part:

(c) **Motion and Proceedings Thereon....** The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Bankr.P. 7056, adopting Fed.R.Civ.P. 56.

Plaintiffs are entitled to a summary judgment on the issue of defendant's § 547(c)(2) defense.

This Memorandum constitutes findings of fact and conclusions of law as required by Fed.R.Bankr.P. 7052.